## Trost, et al., Appellant, *v.* Clover, et al.

Submitted December 6, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Paul A. Lockrey,* for appellants.

*John Philip Diefenderfer,* for defendants, appellees.

*Gordon G. Erdenberger,* and *Power, Bowen & Valimont,* for additional defendant, appellee.

OPINION BY PRICE, J., April 22, 1975:

Appellant, William J. Trost, Sr., has brought this appeal from the entry of judgment on the pleadings in favor of all original defendants and in favor of additional defendants John Brecht, Sr., and John Brecht, Jr. The sole issue to be decided is whether the lower court properly entered judgment on the pleadings based on its finding that the statute of limitations barred the action.

To determine whether a judgment on the pleadings was appropriately entered, we must treat the motion as we would a preliminary objection in the nature of a demurrer. *Evans v. Marks,* 421 Pa. 146, 218 A.2d 802 (1966). The court must accept as true all averments of fact by the opposing party which are material and relevant, but not his inferences and conclusions of fact or law. *London v. Kingsley,* 368 Pa. 109, 81 A.2d 870 (1951). Accepting the averments of the pleadings, we find the following facts:

On April 25, 1967, William Trost, Jr., a minor, was struck by a motor-powered bicycle. A claim was made with the Trosts' uninsured motorist carrier for compensation for injuries sustained as a result of the accident. After arbitration, an award was entered for Trost on December 1, 1967.

On April 22, 1969, just before the statute of limitations would have run, appellants filed a praecipe for a writ of summons in trespass in Bucks County. This summons was never reissued or served. On April 24, 1969, a similar praecipe was filed in Montgomery County because some question as to the situs of the accident had arisen. However, this second writ likewise remained dormant. On January 25, 1971, appellants served a complaint, which had been filed in Montgomery County, on the original defendants. After a determination that the proper venue was Bucks County, a stipulation was filed on February 25, 1972, transferring the case to Bucks County. The additional defendants were joined on November 8, 1972, and soon thereafter filed an answer to the complaint and new matter which raised the bar of the statute of limitations as provided by Rule 1030 of the Pennsylvania Rules of Civil Procedure. Preliminary objections, which also raised the bar of the statute of limitations, were overruled without prejudice to include the statute as a defense in the answer. Interrogatories, depositions, and further pleadings were subsequently filed.

On May 20, 1974, additional defendants, the Brechts, joined by all original defendants, moved for judgment on the pleadings, again raising the defense of the statute of limitations. The motion was granted, and judgments entered on June 3, 1974.

Despite the complicated and lengthy series of pre-trial proceedings, it is clear that the lower court properly entered judgment on the pleadings. Appellants made no effort to serve any party with the writ of summons nor to reissue the writ to toll the statute. Instead, appellants served a complaint upon the defendants, and after they were joined, upon the additional defendants. However, the complaint was not accompanied by a writ.

It is undisputed that there are several methods by which a plaintiff may commence an action. Pa. R.C.P. 1007 provides that an action may be commenced by filing

with the prothonotary (1) a praecipe for a writ of summons, (2) a complaint, or (3) an agreement for amicable action. And it is well settled that for a complaint to constitute process, it must be *sole* process. *Yefko v. Ochs*, 437 Pa. 233, 263 A.2d 416 (1970). A plaintiff may not begin an action by summons, fail to keep his writ alive, and then hope to reinstate an action by filing a complaint. "Where an action is started by summons, the complaint is only the required pleading with none of the characteristics of process; service of the complaint in such a case cannot confer jurisdiction." 437 Pa. at 237, 263 A.2d at 418.

Having elected to initiate this action by filing a praecipe for a writ of summons, and having thereafter failed either to timely serve the writ or to reissue it within the required two year period, appellants' action was barred by the statute of limitations.

Appellants would have us hold that the *Yefko* case does not apply to this action because the original praecipe was filed before *Yefko* was decided. However, *Yefko* was decided on March 20, 1970, ten months before appellants served the complaint and thirteen months before the writ expired. Therefore, appellants' counsel had sufficient time to familiarize himself with the law as it applied to the instant case and cannot claim prejudice by his own failure to comply.

Order affirmed.

WATKINS, P. J., dissents.