371 A.2d 921

**William COX, a minor, by William J. Cox, and Sharon Cox, his guardians, et al., Appellants,**

v.

**Ward HOTT.**

Superior Court of Pennsylvania.

Argued Nov. 15, 1976.

Decided March 31, 1977.

Leo P. Hajdukiewicz, Pittsburgh, with him Samuel R. Sciullo, Pittsburgh, for appellants.

Stephen D. Marriner, Washington, with him McCreight, Marriner & McCreight, Washington, for appellee.

Before JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellants contend that the lower court erred when it granted appellee's motion for judgment on the pleadings because the statute of limitations had run.

On July 3, 1971, the parties were involved in an automobile accident on Route 19, Township of Peters, Washington County. As a result of the collision, appellant William Cox's 1967 Pontiac was damaged beyond repair and all of the appellants suffered injuries described in their complaint as "serious and severe."

Appellants commenced an action in trespass by filing a praecipe for a writ of summons on June 25, 1973, within the two year statute of limitations governing actions for personal injuries. See Act of June 24, 1895, P.L. 236, § 2; 12 P.S. § 34. The writ has never been served. However, on July 10, 1973, appellants filed a complaint in trespass which was served on appellee on July 11, by the Washington County Sheriff.[1]

Appellee's attorney entered his appearance on July 20, 1973, and filed an answer and new matter on July 30, 1973. Appellee's answer stated that damages and negligence were in issue. Appellee raised by new matter the bar of the statute of limitations. His theory was that the complaint was filed beyond the statutory limit. Ap-

---

1. Appellants explained their failure to have the first writ served by explaining that counsel was familiar with Allegheny County procedure whereby the sheriff served the writ with the complaint as a matter of course, but was not familiar with Washington County procedure.

pellee did not raise any challenge to the court's jurisdiction by preliminary objections. See Rule 1017, P.R.C.P., 42 P.S. Appendix. On August 14, 1973, appellants filed a reply to new matter which asserted that service of process was timely. Subsequently, appellee took depositions of appellants William and Sharon Cox on November 15, 1973. On February 12, 1974, appellee's representatives conducted a medical examination of appellant Sharon Cox.

Finally, on November 13, 1975, appellee filed a motion on the pleadings in which appellee raised the defense of the statute of limitations. On December 22, 1975, the lower court entered an order granting that motion. This appeal followed.

The lower court based its decision on *Yefko v. Ochs,* 437 Pa. 233, 263 A.2d 416 (1970): "Where an action is started by summons, the complaint is only the required pleading with none of the characteristics of process; service of the complaint in such a case cannot confer jurisdiction. 'The complaint, to be process, must be sole process. The phraseology of Rule 1007 compels this conclusion.' Goodrich-Amram, § 1007–6. See *Williams v. Pantalone,* 47 Westmore.L.J. 265 (C.P. Westmoreland Co. 1965) and *Di Orio v. Renn,* 39 Northumb.Leg.J. 20 (C.P. Northumberland Co. 1966). Thus in the case at hand the service of appellant's complaint did not erase the need for timely service of the appellant's original writ or the alternative requirement that the writ be reissued within two years to prevent its lapse." *Id.* at 237, 263 A.2d at 418.[2]

2. Rule 1010(e), Pa.R.C.P., was amended on June 28, 1974, to permit the use of the complaint alone as alternative service even if a writ of summons has been filed and not served. This rule has been applied only to cases in which the complaint has been served after the effective date of the amendment. See *Trost v. Clover,* 234 Pa.Super. 255, 338 A.2d 630 (1975); *Sprague v. Pumphrey,* 29 Som.Leg.J. 202 (1974); *Moreno v. Raymond,* 67 Pa.D. & C.2d 527 (1974).

448

Appellants, however, contend that appellee waived his right to object to the manner in which he was served and that his motion for judgment on the pleadings would have been proper only if appellee had challenged service of process in a timely manner. Further, they contend that *Yefko* is simply inapposite to the instant case.

The following are the relevant facts in *Yefko*: the parties were involved in an automobile accident on February 11, 1965. The plaintiff-appellant took no action until January 10, 1967, when she filed a praecipe for a writ of summons in trespass. The writ remained dormant. On May 18, 1967, plaintiff-appellant filed a complaint in trespass which was subsequently served on the Secretary of the Commonwealth and on the defendant-appellee, an out-of-state resident, by registered mail. To this point, the operative facts are indistinguishable from those presented by the instant case.

Thereafter, "defendant-appellee filed timely preliminary objections in the nature of a petition raising a question of jurisdiction because of improper service; a motion to strike off the complaint; a demurrer raising the bar of the statute of limitations; and a motion for a more specific pleading." 437 Pa. at 235, 263 A.2d at 417. The lower court sustained defendant-appellee's objection to the manner of service of process, but granted " '. . . leave to the plaintiff to carry through with the procedure [i. e., commencement of the action by the issuance and service of a writ of summons] he originally elected to follow . . .' " *Id.*, 263 A.2d at 417. Again, plaintiff-appellant sat idly by until January 28, 1969, when she filed a praecipe for reissuance of her original writ of summons. After it was served, defendant-appellee again raised the bar of the statute of limitations by timely preliminary objections. The lower court sustained the preliminary objections and dismissed plaintiff-appellant's action.

The Supreme Court affirmed: "It is well settled that a writ of summons may be reissued only for a period of time which, when measured from the date of the original issuance of the writ (or the date of a subsequent valid reissuance thereof) is not longer than the period of time required by the applicable statute of limitations for the bringing of the action. *Peterson v. Philadelphia Suburban Transportation Co.*, 435 Pa. 232, 255 A.2d 577 (1969); *Zarlinsky v. Laudenslayer*, 402 Pa. 290, 167 A.2d 317 (1961)." *Id.* at 236, 263 A.2d at 418. The Court found that the applicable period of limitations had not been extended so that plaintiff-appellant's praecipe for reissuance of the writ was not timely. Accord, *Trost v. Clover*, 234 Pa.Super. 255, 338 A.2d 630 (1975), see also *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976).

The factual differences are readily apparent. On July 30, 1973, appellee raised the bar of the statute of limitations in new matter; he did not challenge the court's jurisdiction by preliminary objections. Further, after his attorney entered his appearance, he proceeded to litigate the action by taking depositions and by arranging for a medical examination of appellant Sharon Cox. Thus, the dispositive question is whether these factual differences distinguish the instant case from *Yefko*.

Rule 1017, Pa.R.C.P., requires that challenges to personal jurisdiction be raised preliminarily: "(b) Preliminary objections are available to any party and are limited to (1) a petition raising a question of jurisdiction or venue or attacking the form or service of a writ of summons . . .." A party must raise preliminary objections "within twenty (20) days after service of the preceding pleading." Rule 1026, Pa.R.C.P.; *Radakovich v. Weisman*, 241 Pa.Super. 35, 359 A.2d 426 (filed June 28, 1976). A party who fails to raise a question of the court's *in personam* jurisdiction by timely preliminary objections waives that claim. Rule 1032, Pa.R.C.P.

That is, "[i]t is well-established that a party may waive his objections to personal jurisdiction by consenting to the court's authority: 'Jurisdiction of the person may only be obtained, . . ., through consent, waiver or proper service of process.' *Slezynger v. Bischak,* 224 Pa.Super. 552, 553, 307 A.2d 405 (1973)". *Radakovich,* supra at 41, 359 A.2d at 429. See also, Goodrich-Amram, *Standard Pennsylvania Practice,* 1976 Supp., Commentary to Rule 1012, at 227.

In the instant case, service by complaint was improper because the sheriff did not serve appellee with the writ of summons. See *Yefko v. Ochs,* supra. Appellee's failure to raise that issue within 20 days of service of the complaint constituted a waiver. Instead of filing preliminary objections, appellee raised the statute of limitations as new matter. The writ was filed within the applicable period, so that the statute of limitations was tolled. See *Lamp v. Heyman,* supra; *Yefko v. Ochs,* supra. Thus, had appellee filed preliminary objections challenging personal jurisdiction, the appellants could have timely filed a praecipe for reissuance of the writ. Appellee did not challenge the court's jurisdiction and proceeded to litigate the case. The waiver of his challenge to the court's jurisdiction validated appellants' otherwise defective form of service. Because the statute of limitations had not run when appellants' original writ was filed, the lower court erred when it dismissed the instant action.

Therefore, we reverse the lower court's order and reinstate appellants' complaint.

WATKINS, President Judge, absent.

SPAETH, J., files a concurring and dissenting opinion in which JACOBS and PRICE, JJ., join.

SPAETH, Judge, concurring and dissenting:

I agree with the majority's conclusion that appellee's conduct in these proceedings would constitute a waiver

of any objections appellee might have had to the lower court's *in personam* jurisdiction. However, I do not find that conclusion dispositive. Appellee has not objected to the lower court's jurisdiction. Rather, he moved the lower court to dismiss the action on the ground that it was barred by the statute of limitations. The lower court sustained appellee's position on that issue. At least with respect to the personal injury aspect of appellants' action, I believe the lower court was correct.

Appellants' action arose out of an automobile accident that occurred on July 3, 1971. The action is both for personal injuries to appellants and for property damage to appellant William Cox's automobile. On June 25, 1973, just within the two year statute of limitations for personal injury actions,[1] appellants filed a praecipe for a writ of summons and thus commenced their action. Pa. R.C.P. 1007. The effect of filing the praecipe was to toll the relevant statute of limitations for a period as long again as the original period. *Peterson v. Philadelphia Suburban Transportation Co.*, 435 Pa. 232, 255 A.2d 577 (1969); *Zarlinsky v. Laudenslager*, 402 Pa. 290, 167 A. 2d 317 (1961). Thus, as to appellants' action for personal injuries, filing the praecipe extended the statute of limitations for another two years (to June 25, 1975); as to the action for property damage, it extended the statute of limitations for another six years (to June 25, 1979).[2]

The extended statute of limitations for each of the actions could have been satisfied either by service of the writ of summons within thirty days, Pa.R.C.P. 1009(a), or by reissuance of the writ and service of the reissued writ within thirty days, Pa.R.C.P. 1010(a). (In fact, the writ might have been reissued "any number of times," as long as this was done within the period of

1. Act of June 24, 1895, P.L. 236, § 2, 12 P.S. § 34.
2. Act of March 27, 1713, 1 Sm.L. 76, § 1, 12 P.S. § 31.

time in which the writ was valid. Pa.R.C.P. 1010, *as construed by Zarlinsky v. Laudenslager, supra.)*

Appellants, however, neither had the original writ nor a reissued writ served. Instead, on July 11, 1973, they had a complaint served on appellee. According to the law at the time, as expressed in *Yefko v. Ochs,* 437 Pa. 233, 263 A.2d 416 (1970), the complaint, while serving as a pleading, was not proper process for purposes of service; having commenced their action by writ, appellants should have served the writ, not the complaint.[3]

On November 5, 1975, appellee filed his motion for judgment on the pleadings, pleading the statute of limitations as a bar to appellants' action. In considering this motion, the majority focuses on the conduct of appellee between the time he became aware of the existence of the action, when the complaint was "served", and the time of the motion. Appellee's conduct during this period, when he filed responsive pleading and engaged in discovery, the majority contends constituted a waiver of any objections that appellee might have had to the court's jurisdiction. I grant the point, but it is irrelevant to appellee's claim that the action is barred by the statute of limitations. Apparently what the majority is saying is that appellee, having waived any defect in service so far as service relates to jurisdiction has also waived any defect in service so far as service relates to the statute of limitations. This reasoning, I submit, confuses the several functions service may perform.

Service may confer personal jurisdiction; it may provide notice of the commencement of an action; and it may serve to define the relevant period of time in which an action must be brought under the statute of limitations. *See generally* R. Anderson,[4] Commentary Intro-

3. Pa.R.C.P. 1010(e) now permits the service of a complaint, as alternative process, where an action was commenced by writ. Appellants are without the benefit of that provision since it was the result of an amendment effective June 28, 1974. *See* the majority's opinion at 447, 371 A.2d at 922, n. 2.

4. Author of Anderson Pennsylvania Civil Practice and Forms.

ducing Title 12 of Purdon's Pennsylvania Statutes Annotated, 12 P.S. Vol. 1, XV (1953).

This case presents a textbook example. The "service" of the complaint on appellee was defective in conferring *in personam* jurisdiction over appellee because the complaint was not the proper process. *Yefko v. Ochs, supra.* Nevertheless it did have the effect of notifying appellee of the pendency of the action that appellants had commenced against him by way of the unserved writ. However, it had no effect with respect to tolling or satisfying the statute of limitations. *Yefko v. Ochs, supra.* Appellee apparently had no objection to the court's personal jurisdiction over him; he waived it by engaging in adversary conduct. Therefore, the first two functions of service—to confer jurisdiction and to give notice—have been performed. That fact, however, has no bearing on whether the third function—to toll or satisfy the statute of limitations—has also been performed.

The majority would have appellee object within twenty days that the service of the complaint was defective. I can see no reason, consistent with appellee's position, for doing this. Nor do I see any reason to punish a defendant who, rejecting dilatory techniques, simply submits to the court's jurisdiction. When appellee received the complaint, any statute of limitations claim was speculative only: it would not ripen until (1) appellants had failed to have the writ served within thirty days of its issuance (when the complaint was served, on July 11, 1973, there remained fourteen days for timely service of the writ), *and* (2) appellants failed to have the writ reissued within two years after its issuance. The majority, apparently, would impose a duty on a defendant to anticipate, by almost two years, his adversary's failure to satisfy the statute of limitations, thereby reminding his adversary of his responsibility under the Rules of Civil Procedure.[5]

5. In effect, appellee did exactly that. After he received the complaint, appellee filed a responsive pleading in which he raised the

The majority may have been confused by the fact that in *Yefko v. Ochs, supra,* both the statute of limitations and the personal jurisdiction issues were present. Since the defendant there had never waived his objection to the court's jurisdiction, the Court, in sustaining his preliminary objections, referred to both issues. There is no such problem, however, in *Trost v. Clover,* 234 Pa.Super. 255, 338 A.2d 630 (1975), where this court applied the rule of *Yefko v. Ochs* to a case remarkably similar to this one. In *Trost,* the plaintiffs in a personal injury action also filed a praecipe for a writ of summons that was never served or reissued. The plaintiffs did, however, serve a complaint on the original defendants, which caused them to file responsive pleadings, join additional defendants, and otherwise to become actively involved in the proceedings. After the writ of summons expired without having been served or reissued, all of the defendants (original and additional) moved for judgment on the pleadings, citing the statute of limitations. Judgment was granted and we affirmed (WATKINS, P. J., noting his dissent). We did not suggest that by participating in the proceedings, and thus waiving any possible jurisdictional claims, the defendants had waived their statute of limitations claim. I believed at the time that *Trost* was a correct application of *Yefko v. Ochs,* and I still do.

I would affirm the order of the lower court granting judgment on the pleadings for appellee on the action for personal injuries because the statute of limitations bars that action. As to the action for property damage, however, the issuance of the writ of summons tolled the statute of limitations until June 25, 1979, so that appellant can still have the writ reissued and served in time. I

statute of limitations as a bar in New Matter. While the issue was then premature (since the statute of limitations had been tolled by the unserved writ), it served at least to bring the issue to appellants' attention.

therefore concur that as to that action, the order of the lower court granting judgment on the pleadings was error and should be reversed.

JACOBS and PRICE, JJ., join in this opinion.