**Elizabeth O'DONNELL, Appellant**

v.

**Eva McDONOUGH and Fraternal & Charitable Consultants, Inc.**

Superior Court of Pennsylvania.

Argued Aug. 30, 2005.

Filed March 8, 2006.

Donna A. Casasanto, Springfield, for appellant.

Kevin R. McNulty, Philadelphia, for appellees.

BEFORE: KLEIN, PANELLA, and KELLY, JJ.

OPINION BY PANELLA, J.:

¶ 1 Appellant, Elizabeth O'Donnell, appeals from the decision of the Honorable Joseph I. Papalini, Court of Common Pleas of Philadelphia County, which transferred venue of her personal injury action to Delaware County. After a careful review, we reverse.

¶ 2 On July 11, 2001,[1] Appellee, Eva McDonough, a resident of Villanova, Montgomery County, was driving a vehicle owned by Appellee, Fraternal & Charitable Consultants, Inc. ("F & CC"), a Pennsylvania Corporation.[2] While McDonough was traveling on Sproul Road in Delaware County, she struck from behind a vehicle being driven by O'Donnell.

¶ 3 On June 30, 2003, O'Donnell filed a personal injury complaint against Eva McDonough and F & CC. Thereafter, on August 20, 2003, both McDonough and F & CC filed preliminary objections to O'Donnell's Complaint, seeking to transfer venue to Montgomery County. Subsequent thereto, O'Donnell requested that a business representative of F & CC be deposed to explore the issue of venue. In response, Eva McDonough was made available for deposition on October 30, 2003. On November 12, 2003, the Honorable Mark I. Bernstein sustained the preliminary objections and transferred the case to Montgomery County. O'Donnell appealed the decision, and on September 30, 2004, this Court vacated the trial court's order, as Judge Bernstein had erroneously found that the accident occurred in Montgomery County, when it had in fact occurred in Delaware County.

¶ 4 Following remand, on December 8, 2004, both McDonough and F & CC filed new Preliminary Objections, requesting that the case be transferred to Delaware

---

**1.** O'Donnell's complaint alleges that the accident occurred on July 11, 2003. However, since the complaint was filed on June 30, 2003, this appears to be an error. The date of July 11, 2001 is taken from Plaintiff's trial court brief in opposition to the Preliminary Objections. For purposes of this appeal, the date is not in dispute.

**2.** It is undisputed that McDonough's deceased husband, Michael, operated F & CC.

County. On December 14, 2004, the trial court again sustained McDonough's and F & CC's initial preliminary objections, and transferred the case to Delaware County. This timely appeal followed.

¶ 5 On appeal, O'Donnell raises the following issues for our review:

1. Whether the trial court erred in revisiting the issue of whether venue in Philadelphia is proper when that issue was fully briefed and argues to the Superior Court and resulted in a remand of the case back to Philadelphia?

2. Whether the trial court erred in concluding that there is no venue in Philadelphia and transferring the case to Delaware County?

3. Whether the trial court erred by finding, as stated in its opinion, that the Plaintiff resides in Montgomery County when the record clearly indicates that the Plaintiff resides in Delaware County?

Appellant's Brief, at 2.[3]

¶ 6 We begin by addressing O'Donnell's first issue on appeal wherein she argues that this Court's previous decision foreclosed the trial court from revisiting the initial preliminary objections. In this regard, it is important to note that we vacated the trial court's original decision, and remanded it for further proceedings "not inconsistent with this opinion." *O'Donnell v. McDonough*, 863 A.2d 1239 (Pa.Super.2004) (unpublished memorandum). Accordingly, the appropriate interpretation of our decision would be that anything consistent with the opinion was allowed. Our memorandum was focused entirely on the error the trial court had made in determining the proper venue

where the accident occurred. As such, the trial court was free, on remand, to sustain the preliminary objections with the understanding that the accident occurred in Delaware County, if the evidence of record supported such a ruling. We therefore conclude that O'Donnell's first issue on appeal warrants no relief.

¶ 7 In her second issue on appeal, O'Donnell argues that the trial court erred in finding that there was no venue in Philadelphia. Our standard of review on this issue is one of abuse of discretion. *Purcell v. Bryn Mawr Hospital*, 525 Pa. 237, 242–243, 579 A.2d 1282, 1284 (1990). Our review is fact intensive. *Id.* If there is any proper basis supporting the trial court's decision to transfer venue, we must affirm. *Kubik v. Route 252, Inc.*, 762 A.2d 1119, 1123 (Pa.Super.2000). However, a plaintiff must be allowed the right to choose any appropriate forum: "The applicant bears the burden of proving that a change of venue is necessary, while a plaintiff generally is given the choice of forum so long as the requirements of personal and subject matter jurisdiction are satisfied." *Purcell*, 525 Pa. at 243, 579 A.2d at 1284 (1990). "A plaintiff's choice of forum is given great weight and a defendant has the burden in asserting a challenge to the plaintiff's choice of venue." *Masel v. Glassman*, 456 Pa.Super. 41, 689 A.2d 314, 316 (1997), *quoting Shears v. Rigley*, 424 Pa.Super. 559, 623 A.2d 821, 824 (1993).

¶ 8 In the present case, the trial court found that O'Donnell had failed to establish that venue was proper in Philadelphia. As an initial matter, we must address the separate issue of improper service, as this issue is referenced in many

---

**3.** We have taken the liberty of re-numbering, but not re-ordering, appellant's issues on appeal.

of the parties' arguments. Defective service of process must be raised by way of preliminary objections or the issue is waived. *Cox v. Hott*, 246 Pa.Super. 445, 371 A.2d 921, 923 (1977).

¶ 9 In the case *sub judice*, O'Donnell never effectuated actual service on F & CC. When service was attempted at the registered address for the corporation, it was discovered that another, totally unrelated business was operating there. However, after O'Donnell filed her complaint in the trial court, Attorney Kevin R. McNulty entered his appearance "on behalf of the Defendants in the above captioned matter." Entry of Appearance, filed 8/15/2003. As only two defendants are named in the caption, it must be deduced from the use of the plural "Defendants" that Attorney McNulty entered his appearance on behalf of both McDonough and F & CC. Attorney McNulty has never filed a document that would contradict this interpretation.

¶ 10 In the preliminary objections filed by Attorney McNulty, the only issue raised was that of improper venue. Preliminary Objections to Plaintiffs Complaint, filed 8/20/2003. The preliminary objections indicated that F & CC was "only ever located in Villanova, Pennsylvania." *Id.* However, it is clear from the information O'Donnell obtained from the Department of State, as well as McDonough's deposition testimony, that F & CC was, at some point in time, located in Philadelphia. *See* Exhibit A to Plaintiff's Answers to Preliminary Objections of Defendants; N.T., 10/30/2003, at 8.

¶ 11 The preliminary objections also averred that F & CC was no longer in existence. However, this averment is irrelevant to the resolution of the instant dispute, as the record reveals no dispute that F & CC was in existence at the time of the accident. Accordingly, F & CC is,

at this point in the proceedings, a proper defendant, as liability may be apportioned to it, and it may still have assets in the form of insurance coverage for the accident at issue. We make no pronouncement on whether O'Donnell has a viable claim against F & CC, as this issue has not been raised before us. Accordingly, as the issue of improper service was never presented in the preliminary objections, this issue is waived. *Cox*, 371 A.2d 921.

¶ 12 Returning to the issue of venue, our Rules of Civil Procedure provide that venue is proper in the county where the registered address of the corporation is located. Pa.R.C.P., Rule 2179(a)(1). In fact, the establishment of appropriate venue is one of the two intended purposes of the requirement of a registered address for corporations. *See* 15 Pa. Cons. Stat. Ann. § 1507, *Committee Comment.* For purposes of establishing venue, it is irrelevant that the registered address is not the principal place of business for the corporation, or even an operating office. *Id.* This conclusion is reinforced by the wording of Rule 2179, as the disjunctive "or" is used in setting forth the counties where venue may be established: it may be established where the registered address is located, or where the principal place of business for the corporation is located, or where the corporation regularly conducts business. Pa.R.C.P., Rule 2179(a), 42 Pa. Cons. Stat. Ann. Rule 2179(a) states:

(a) Except as otherwise provided by an Act of Assembly, by Rule 1006(a.1) or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in

    (1) the county where its registered office or principal place of business is located;

    (2) a county where it regularly conducts business;

(3) the county where the cause of action arose;

(4) a county where a transaction or occurrence took place out of which the cause of action arose, or

(5) a county where the property or a part of the property which is the subject matter of the action is located provided that equitable relief is sought with respect to the property.

Pa.R.C.P., Rule 2179(a), 42 Pa. Cons. Stat. Ann. Accordingly, the fact that F & CC's registered address was in Philadelphia established that venue was appropriate in Philadelphia County.[4] We note that Appellees have not raised the issue of *forum non conveniens.*[5] As such, the trial court abused its discretion in finding that there was no basis for venue in Philadelphia County, and we reverse.

¶ 13 Order reversed. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

¶ 14 Judge KLEIN files a dissenting opinion.

## DISSENTING OPINION BY KLEIN, J.:

¶ 1 The majority finds venue in Philadelphia because it concludes that the record supports the finding that F & CC's registered address is in Philadelphia. While I agree that this would be sufficient to create venue in Philadelphia County, I do not believe that the record supports this con-

clusion. Accordingly, I agree with the decision of two distinguished trial judges, the Honorable Mark I. Bernstein and the Honorable Joseph I. Papalini, that there is no venue in Philadelphia. Therefore, I am constrained to dissent.

¶ 2 I agree with the following statement of Judge Bernstein:

The only support [for the proposition that there is a registered office in Philadelphia] was a copy of a document from the Department of State, stating [F & CC's] date of incorporation under the laws of the Commonwealth, August 7, 1957, and its continued existence as a Pennsylvania corporation. This document includes no corporate address. Plaintiffs also provided two pages from the Pennsylvania Department of State website which indicated 5600 Greene Street, Philadelphia, as the corporation's address upon incorporation. Whether or not a website may be accepted as authoritative, the document does not purport to show any present address. [FN 3. The Court is unaware of any authority for accepting a webpage as accurate, and even so, the webpage here does not show requisite data to support plaintiff's argument.] Indeed, when Plaintiff's agent attempted to serve [F & CC] at the Philadelphia address, the defendant was not found. In fact the service agent affirmatively noted that the site was occupied by a beauty salon. [FN 4. There is no indication that the corporation was ever properly served,

---

4. We note that the trial court remarked that it was unsure whether the document submitted by O'Donnell purporting to list the registered address of F & CC was proper. However Appellees have never challenged either the document, or the allegation that the registered address was in Philadelphia.

5. A petition to transfer venue on basis of *forum non conveniens* should not be granted

unless the defendant meets its burden of demonstrating, with detailed information on the record, that the plaintiff's chosen forum is oppressive or vexatious to the defendant. *Raymond v. Park Terrace Apartments, Inc.,* 882 A.2d 518, 520 (Pa.Super.2005), *appeal denied,* 585 Pa. 689, 887 A.2d 1241 (Pa. November 14, 2005).

but that matter is irrelevant to any issue presented herein.] Evaluated in comparison with affirmative sworn testimony, the Court concludes there is no continued presence of the corporation in Philadelphia.

Trial Court Opinion, 4/8/04, at 4.

¶ 3 As noted, the certified document from the Department of State does not show any address for F & CC. The web page only shows a filing date of August 7, 1957, and then an address at 5600 Greene Street, Philadelphia. While recognizing that the Internet is a wonderful source of information, it also may contain incomplete or incorrect information. We have no idea when the website was established or how frequently it is updated. There is no provision to take judicial notice that F & CC had a registered office in Philadelphia after the 1950s.

¶ 4 If we were going to take judicial notice of every website, we could just as well take judicial notice of the reverse directory found at *www.whitepages.com*, which shows no office for F & CC at 5600 Greene Street, but rather lists two people who have no known connection to F & CC or this litigation.

¶ 5 Of course, I do not purport to say that we should take *www.whitepages.com* as gospel, but neither should we take an unexplained website of the Department of State as gospel.

¶ 6 Because I agree with Judges Bernstein and Papalini that there is no competent evidence showing that F & CC had a registered office in Philadelphia County at the time of the accident, I dissent.