### KORMAN COMMERCIAL PROPERTIES, INC.

v.

### The FURNITURE.COM, LLC
a/k/a Furniture.com, Inc.

v.

### PayPal, Inc., Appellant.

Superior Court of Pennsylvania.

Argued Aug. 20, 2013.

Filed Nov. 12, 2013.

Beverly A. Block, Pittsburgh, for appellant.

Robert D. Greenbaum, Philadelphia, for Korman, appellee.

BEFORE: SHOGAN, J., WECHT, J., and COLVILLE, J.*

OPINION BY WECHT, J.:

PayPal, Inc. ("PayPal") appeals the September 19, 2012 order. That order granted summary judgment for Korman Commercial Properties, Inc. ("Korman"). In this case, we are called upon to decide whether the effective date of a writ of execution relates back to the date of service in circumstances where the writ was served improperly but objection to service was later waived. The trial court concluded that the writ did relate back to the date of service. Following review, we agree, and we accordingly affirm.

The trial court aptly summarized the factual and procedural history as follows:

The Furniture.com ("The Furniture") rented a property from Lincoln Subsidiary Joint Venture III ("Lincoln"). The rented property was located in Trevose, Bucks County. Korman, the plaintiff, served as agent for Lincoln. The Furniture breached its lease, and Korman filed suit and confessed judgment against the Furniture on April 7, 2011. Judgment was entered for Korman against The Furniture in the amount of $156,603.07. A Writ of Execution ("the Writ") was issued to PayPal on April 13, 2011, and was received by PayPal [with whom The Furniture had an account] on April 18, 2011. Korman sent the Writ via certified mail.

A PayPal employee signed for the Writ on April 18, 2011, and the Writ was brought to the mail room at the PayPal office. The Writ was then internally routed to a secretary at PayPal who "eventually delivered it to a person who opens up the mail in the legal department. . . ." At the time the Writ was received, The Furniture had $116,404.17 in the garnished account with PayPal. However, on April 20, 2011, The Furniture was permitted to make two withdrawals from the garnished account in the amounts of $60,000 and $56,404.17.

Once the envelope containing the Writ was opened and reviewed, it was forwarded to PayPal's Operations Center in Nebraska. The Writ was received at that location on or about April 26, 2011. At that time, the account was placed on a limitation in compliance with the Writ's instruction. However, at the time the limitation was placed on the account, the account had a balance of zero dollars. PayPal answered the interrogatories attached to the Writ on April 27, 2011. At no point did PayPal raise preliminary objections to the Writ.

On August 1, 2011, Korman filed a Motion for Contempt against PayPal for

* Retired Senior Judge assigned to the Superior Court.

failure to obey the mandates of the Writ. This Court conducted a hearing on that motion on September 8, 2011. On October 28, 2011, this Court denied the motion. Korman initiated an appeal of that decision with the Superior Court on November 23, 2011. The appeal was quashed by the Superior Court on March 28, 2012, because the order denying the Contempt Motion was not a final order. On June 26, 2012, Korman filed the instant Motion for Summary Judgment. After considering the pleadings filed by Korman and PayPal, this Court granted the Motion for Summary Judgment against PayPal on September 19, 2012. PayPal filed a Notice of Appeal on October 18, 2012. On November 6, 2012, this Court ordered PayPal to submit a Statement of Errors Complained of on Appeal within [twenty-one] days.

Trial Court Opinion ("T.C.O."), 1/3/2013, at 1–3 (citations to record omitted). Appellant timely filed its concise statement pursuant to Pa.R.A.P. 1925(b).

PayPal raises the following issues on appeal:

1. Whether the Lower Court committed an error of law and/or abused its discretion in granting [Korman's] Motion for Summary Judgment when PayPal attended to the Writ within a reasonable time given that the garnishment lien did not attach on April 18, 2011, but attached on April 27, 2011, seven days after [The Furniture.com, LLC ("Furniture.com")] withdrew the $116,404.77 in question.

2. Whether the Lower Court committed an error of law and/or abused its discretion in granting [Korman's] Motion for Summary Judgment, by failing to properly consider the effect that improper service had on PayPal's ability to prevent the withdrawal of the $116,404.77 in question and by failing to find that PayPal acted within a reasonable period of time given such improper service.

3. Whether the Lower Court committed an error of law and/or abused its discretion in granting [Korman's] Motion for Summary Judgment, when PayPal was not served at a time and in a manner affording it a reasonable opportunity to act to prevent the withdrawal of the $116,404.77 pursuant to 13 Pa.C.S.A. § 4A502 (2012).

Appellant's Brief at 4.

 All of Appellant's challenges question the trial court's grant of summary judgment. We review such challenges as follows:

In reviewing an order granting summary judgment, our scope of review is plenary, and our standard of review is the same as that applied by the trial court. Our Supreme Court has stated the applicable standard of review as follows: [A]n appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is *de novo*.

Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a prima facie cause of action, such that there is

no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

*Harris v. NGK N. Am., Inc.,* 19 A.3d 1053, 1063 (Pa.Super.2011) (quoting *Jones v. Levin,* 940 A.2d 451, 452–54 (Pa.Super.2007)).

■ A writ of execution must be served upon a garnishee by a sheriff. Pa.R.C.P. 3111(a). Service of the writ attaches all property of the defendant in the possession of the garnishee, including property that comes into the garnishee's possession after service. Pa.R.C.P. 3111(b). Service imposes upon the garnishee an injunction against paying any debts of the defendant or delivering any attached property to the defendant. Pa.R.C.P. 3111(c). If a garnishee claims improper service, the claim must be raised in preliminary objections filed before the garnishee enters an appearance or files answers to interrogatories. Pa.R.C.P. 3142(c). Failure to raise preliminary objections waives a challenge to improper service and "validate[s] [the] otherwise defective form of service." *Cox v. Hott,* 246 Pa.Super. 445, 371 A.2d 921, 923 (1977).

■ Instantly, it is undisputed that service was improper. Process was served upon PayPal by certified mail, rather than by a sheriff. It also is undisputed that PayPal elected not to file preliminary objections to this improper service. Instead of preliminary objections, PayPal filed answers to interrogatories. In doing so, PayPal waived its service objections and validated the improper service. The question that remains is whether the lien went into effect on the date of receipt because the improper service was validated or, alternatively, on the date that PayPal filed its answers to interrogatories and waived its objection to service. If the writ became effective only after Furniture.com withdrew its money from the account, PayPal cannot be liable.

PayPal asserts that the lien did not attach until it filed its answer to Korman's interrogatories. PayPal argues that, because service was improper, the writ was not effective until PayPal waived its objection to the improper service and submitted to the court's jurisdiction. Until that time, PayPal contends, the lien did not attach. PayPal's Brief at 14–16.

Korman argues that the failure to object to the improper service cured any defect. Therefore, the lien attached at the time of service per Pa.R.C.P. 3111(b). Korman also argues that the rule speaks only of service, not "proper" service. Korman's Brief at 4–7. The trial court found that the failure to raise a preliminary objection validated the service pursuant to *Cox, supra,* and that PayPal's receipt of the writ on April 18, 2011 served to attach the lien and subject PayPal to the writ's injunctive language barring Furniture.com access to the funds. T.C.O. at 7–8.

PayPal urges us to follow *In re Allen,* 228 B.R. 115 (Bankr.W.D.Pa.1998). There, a federal bankruptcy court concluded that a writ took effect only upon the waiver of objections. *Allen* is factually similar: there was improper service of a writ via mail, but Janus Distributors, Inc., the custodian of an IRA, waived any service challenge when it filed answers to interrogatories instead of preliminary objections. *Id.* at 123–24. In researching whether the effective date of the writ should relate back to the date of the improper service, the bankruptcy court determined that it confronted a matter of first impression in Pennsylvania and sparse precedent in other states. *Id.* at 128. Based upon two cases in Kentucky, the bankruptcy court predicted that Pennsylvania courts would hold that the date of waiver is the date

upon which the writ is perfected. *Id.* However, the *Allen* court ultimately determined that the question of when the writ was perfected was not dispositive in the case presented, because federal bankruptcy law governed whether the writ would be treated as perfected for purposes of determining preferences. *Id.* at 129 (citing 11 U.S.C. § 547).

■ We agree with the *Allen* court that there is no on-point Pennsylvania precedent. However, we decline to vindicate that court's prediction that service becomes effective only upon waiver of objection. While "[t]he rules relating to service of process must be strictly followed," *Sharp v. Valley Forge Med. Ctr. & Heart Hosp., Inc.,* 422 Pa. 124, 221 A.2d 185, 187 (1966), our decisional authority also leads us to conclude that, once PayPal failed to object, the writ became effective as of the date it was received.

In deciding that actual receipt of the writ sufficed as service once objection to service was waived, and that the writ thus became effective on the earlier date, the trial court here relied upon our decision in *Cox v. Hott.* T.C.O. at 8. *Cox* involved improper service: a writ of summons was filed, but not served. 371 A.2d 921. Later, a complaint was filed and properly served by the sheriff. However, instead of filing preliminary objections based upon improper service of the writ, the defendant filed an answer and new matter alleging that the statute of limitations had run. *Id.* The failure to file preliminary objections waived the issue of service. That failure validated the improper service, making the writ effective to toll the statute of limitations. *Id.* at 923.

While *Cox* does not speak directly to relation-back under the precise circumstances before us today, it makes clear that the writ there was effective as of the date filed, not as of the date that the defendant later waived his right to object. The accident from which the *Cox* litigation arose occurred on July 6, 1971. The writ was filed on June 25, 1973, within the two year statute of limitations. *Id.* at 921. The defendant had twenty days within which to file preliminary objections. *Id.* at 923. Had we determined that the writ became effective when the service objections were waived upon expiration of the twenty-day deadline, the writ would have become effective on July 15, 1973, after the statute of limitations had run. Instead, by holding that the failure to object validated the improper service, we necessarily implied that the writ became effective when filed. In short, upon the expiration of the time to object, the date of service related back to the date upon which the writ was filed.

While *Cox* involved a writ of summons, it stands for the proposition that validation of improper service relates back to the date of service. A writ of summons and a writ of execution serve similar purposes. Both put a party or garnishee on notice. Both involve effective dates—one for tolling the statute of limitations and one for enjoining the garnishee from delivering funds to a third party or the defendant. In the absence of decisional authority applicable specifically to this situation, we look for guidance to cases involving similar facts. *See Adams v. Copper Beach Townhome Communities, L.P.,* 816 A.2d 301, 305 (Pa.Super.2003) (looking to factually analogous case for guidance in case of first impression). As such, we follow *Cox,* and we hold that the validation of the improper service of the writ acted to make the writ effective as of the date received by PayPal. As such, PayPal was subject to the writ and its injunctive effect prior to Furniture.com's withdrawal of funds.

PayPal next argues that, even if the writ became effective when it was received,

PayPal acted within a reasonable period. PayPal contends that reasonableness is determined by the circumstances surrounding the action, including service. PayPal argues that the passing of eight days from date of receipt until date that a hold was placed upon the account was reasonable, given that Korman mailed the writ to an address other than that of PayPal's appointed agent. Appellant's Brief at 16–20.

Korman replies that service does not affect the circumstances surrounding PayPal's actions. Korman observes that PayPal received the writ on April 18, 2011, and that eight days then passed before a hold was entered on the account. Korman argues that PayPal controlled its own conduct and cannot blame its eight days of inaction on improper service.

■ Our Supreme Court has stated that:

> the public policy of Pennsylvania prohibits a garnishee bank with notice of a judgment order from engaging in transactions with the judgment debtor that it knows or should know will facilitate the judgment debtor in attempts to avoid the lawful garnishment of its assets.

*Witco Corp. v. Herzog Bros. Trucking, Inc.*, 580 Pa. 628, 863 A.2d 443, 451 (2004). We long have held that a "garnishee . . . is required to exercise a high degree of care in protecting the rights of the other parties until a legal result has been regularly reached." *Shipman v. Seiwell*, 101 Pa.Super. 95, 100 (1931). We also have held that, even if service is at issue, a garnishee should act in accordance with the writ. *Royal Bank of Pa. v. Selig*, 434 Pa.Super. 537, 644 A.2d 741, 744 (1994).

PayPal argues that it did not have notice of the writ such that it was able to act. However, there is no dispute that PayPal received the writ and that the writ was routed through PayPal's offices before being received in PayPal's legal department.

The writ then was forwarded to an operations center in Nebraska. T.C.O. at 2. PayPal is deemed to have been on notice as of the date of receipt. The authorities referenced above compel the conclusion that PayPal had a duty to protect the assets in its possession. Although it was on notice, PayPal delayed several days before acting. The trial court found that PayPal claimed the delay traced to the routing of the letter to the appropriate department, but that PayPal offered no explanation as to why a hold was not imposed once the legal department opened the letter, or why a call or email could not have been sent to the operations center in Nebraska in tandem with the forwarding of the writ. T.C.O. at 8. The trial court concluded that "PayPal cannot waive its objection to the method of service, and then use the improper service to excuse its failure to timely react to the Writ, when the Writ was undoubtedly in PayPal's possession for eight days before PayPal placed the limitation on the account." T.C.O. at 8–9. We discern no error in the trial court's conclusion that Korman met its burden on summary judgment and demonstrated that it was entitled to relief.

In its last issue, PayPal contends that the trial court erred in granting summary judgment pursuant to 13 Pa.C.S.A. § 4A502. PayPal did not invoke this statute in its concise statement or in its responses to Korman's motion for summary judgment. Our review of the record indicates that this statute was cited only once in a memorandum of law filed by PayPal in response to Korman's motion for contempt. Memorandum of Law, 9/2/2011, at 4 (unpaginated). The trial court did not address this issue in its opinion. We deem this issue waived, inasmuch as it was not raised and preserved properly before the lower court or in PayPal's concise statement. Pa.R.A.P. 302; 1925(b)(4); *see Ma-*

*jorsky v. Douglas,* 58 A.3d 1250, 1259 (Pa.Super.2012) (holding claim waived for failure to raise before the trial court or in concise statement.)

Order affirmed.

COLVILLE, J. concurs in the result.