J-A05034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SMASH PA, INC., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| LEHIGH VALLEY RESTAURANT GROUP, INC. AND BARLEY SNYDER, LLP, | |
| Appellees | No. 1811 EDA 2014 |

Appeal from the Order Entered May 28, 2014
In the Court of Common Pleas of Lehigh County
Civil Division at No(s): 2013-C-4389

BEFORE:  GANTMAN, P.J., SHOGAN, and ALLEN, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED APRIL 14, 2015**

Appellant, Smash PA, Inc. ("Smash"), appeals from the grant of preliminary objections and the dismissal of its action.  We affirm.

Smash, a Pennsylvania corporation with its principal place of business in Berks County, Pennsylvania, filed suit on December 21, 2012, in Philadelphia County by writ of summons[1] against Appellees, Lehigh Valley Restaurant Group, Inc. ("LVRG"), a Pennsylvania corporation with its principal place of business in Lehigh County, Pennsylvania, and LVRG's counsel, Barley Snyder, LLP ("Barley Snyder"), a Pennsylvania limited partnership with its principal office in Lancaster, Pennsylvania.  Second

---

[1] The writ was filed two days before the expiration of the statute of limitations.  N.T., 3/24/14, at 9.

Amended Complaint, 7/8/13, at ¶¶ 2, 3, 5. Smash was established "for the sole purpose of engaging in the business of opening Smashburger Restaurants, as a franchisee of the company Smashburger, Inc." *Id*. at ¶ 8. LVRG is a franchisee of Red Robin Gourmet Burgers, Inc. and operates multiple Red Robin Gourmet Burgers restaurants in south central Pennsylvania. *Id*. at ¶ 4; N.T., 3/24/14, at 4. LVRG and a former employee, James M. Mitich ("Mitich"), were embroiled in litigation beginning in October 20, 2010. The action was transferred to Lehigh County on December 4, 2013, as a result of preliminary objections to the original complaint. N.T., 3/24/14, at 6.

LVRG had employed Mitich since December 30, 1999, most recently as its president and chief operating officer. N.T., 3/24/14, at 4. Mitich's employment agreement provided that Mitich could be terminated for cause, and it included a non-compete clause that prohibited Mitich from working for a restaurant similar to the Red Robin Gourmet Burgers Restaurants operated by LVRG within a fifty-mile radius for one year. *Id*. at 4–5; LVRG Status Conference Memorandum, 3/6/14, at 1. LVRG terminated Mitich effective July 26, 2010. N.T., 3/24/14, at 4–5; LVRG Status Conference Memorandum, 3/6/14, at 1. LVRG subsequently learned that Mitich had become associated with Smashburger, a restaurant concept that allegedly would compete with LVRG. On December 23, 2010, LVRG, through Barley Snyder, sent Edward Graefe, the chief executive officer of Smash, a letter

indicating that LVRG would pursue legal claims against Smashburger, Inc. if Smash continued its consulting relationship with Mitich. N.T., 3/24/14, at 5; Smash Status Conference Memorandum, 3/6/14, at 2. Shortly thereafter, Mr. Graefe responded that Mitich no longer was affiliated with Smash. N.T., 3/24/14, at 5. "As a result of being wrongfully forced into ending its relationship with Mitich and, in turn, rescinding its agreements with Smashburger," Smash was unable to open the planned Smashburger restaurants and thus, brought the underlying action against LVRG and its attorneys for tortious interference with contractual relationships and civil conspiracy. Smash Status Conference Memorandum, 3/6/14, at 2.

On January 18, 2013, copies of the writ of summons were delivered by courier to LVRG at its corporate headquarters in Lehigh County and to Barley Snyder at its office in Lancaster County. N.T., 3/24/14, at 6. On January 23, 2013, Smash filed affidavits of service with the lower court. On March 18, 2013, following a case management conference on March 15, 2013, the Philadelphia Common Pleas Court ordered Smash to file its complaint, which it mailed on April 19, 2013, alleging tortious interference with contractual relationships, defamation, invasion of privacy by false light, and civil conspiracy. *Id*. Each Appellee filed preliminary objections ("POs") on May 9 and 10, 2013, respectively, averring, *inter alia*, that the writ of summons had been served via courier and messenger and had not been

served by "deputized service" by the Sheriffs of Lancaster and Lehigh Counties in accordance with Pa.R.C.P. 400.1.

On May 28, 2013, Smash filed a praecipe to reissue the writ of summons and an amended complaint withdrawing its cause of action for defamation. Appellees again filed POs on June 17, 2013. On July 8, 2013, Smash filed a second amended complaint withdrawing its cause of action for invasion of privacy and raising only two claims: tortious interference with contractual relations and civil conspiracy. Appellees filed the instant POs on July 26, 2013, asserting that because the original writ of summons and complaint had not been served properly when filed, and the amended complaint was not served until May 31, 2013, Smash's claims were barred by the applicable two-year statutes of limitations.

On September 3, 2013, the Philadelphia Common Pleas Court sustained POs of Appellees as to venue only and transferred the case to Lehigh County, reserving all other POs for the Lehigh County Court of Common Pleas. Following the transfer, the trial court herein granted Appellees' POs and struck the second amended complaint as untimely and improper. The propriety of this final order is the subject of our review.

Smash raises the following two issues on appeal to this Court:

1. In a claim alleging tortious interference with existing contractual relations, where (a) the Writ of Summons against the Defendants Below was filed within the applicable statute of limitations, (b) Smash PA made a good faith, albeit inadequate under the applicable Rules of Civil Procedure, attempt to serve the initiating pleading in

- 4 -

a timely manner, (b) Smash PA did, in fact, provide actual notice of the suit by hand delivery of the Writ of Summons to both Defendants Below within thirty (30) days of the issuance of the Writ, (c) the Defendants Below collectively participated in the matter by having their legal representative attend the initial scheduling conference after the Writ of Summons was delivered to them, (d) proper service of a Complaint was effectuated thereafter, and (e) no prejudice for the delayed proper service to either of the Defendants Below was claimed or found to be present by the court below, did the lower court err as a matter of law in granting the Preliminary Objections filed by each of the Defendants Below to the Second Amended Complaint filed by Smash PA and thereby dismissing all claims therein on the basis that proper service was not made within the statutorily allowed time period?

2. Where the controlling allegations contained in the Second Amended Complaint clearly stated that the law firm of Barley Snyder was acting for its own nefarious purpose as well as the improper purpose of its client, did the court below err as a matter of law when it dismissed Count II of the Second Amended Complaint (Conspiracy) on the basis of an unsupported, and unsupportable at this juncture in the proceedings, factual finding that the law firm Barley Snyder was acting solely as the agent of LVRG and was not acting in furtherance of its own unlawful motive when it sent the letter alleged to have been the basis of the tortious interference with a contract Smash PA had with a third party?

Smash's Brief at 2–3 (*verbatim*).

Our standard of review of an order granting preliminary objections is to determine whether the trial court committed an error of law.

When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material

facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Shafer Elec. & Const. v. Mantia*, 67 A.3d 8, 10–11 (Pa. Super. 2013).

"[A]ll material facts set forth in the complaint as well as all inferences reasonably deducible therefrom are admitted as true for the purpose of review." *Com., Office of Atty. Gen. ex rel. Corbett v. Locust Tp.*, 968 A.2d 1263, 1269 (Pa. 2009).

Smash asserts that the original writ of summons in this matter, as filed on December 21, 2012, occurred before the statute of limitations on Smash's actions had expired. Significantly, Smash acknowledges that **its service of the original writ was deficient**, but maintains that it made a "good-faith effort" to serve the original writ, "giving [Appellees] actual notice of the fact and nature of the action within thirty days of the date the original Writ was issued." Smash's Brief at 10. The crux of its argument is that because the writ was reissued and the complaint eventually was served properly on both Appellees, "the date of filing of this action relates back to the date the original Writ was issued," which was December 21, 2012, and therefore, its claims were timely filed. *Id*.

LVRG refers to Pa.R.C.P. 400.1 and emphasizes that service was required by a sheriff of Lehigh County. Here, Smash purported to serve the writ on LVRG by a non-deputized process server. Noting that it could not raise the service issue to the writ until the complaint was filed, LVRG contends that it preserved its argument regarding improper service when it filed its POs.[2] Therefore, LVRG maintains that Smash failed to properly serve LVRG within the statute of limitations, and further, LVRG would be prejudiced by the allowance of this late assertion of claims. Thus, it argues the order granting POs should be affirmed.

Appellee Barley Snyder asserts that since the original process—the writ—was not properly served, Smash's subsequent delivery of the complaint by mail also constituted improper service. Because Smash's service of the writ was improper, Barley Snyder continues that Smash's complaint would constitute the original process in this matter, and as such, it, likewise, was improperly served by mail. Thus, it similarly argues the order granting POs should be affirmed.

Here, the action was commenced in Philadelphia County, and the writ of summons was served on Appellees by courier. Pa.R.C.P. 400.1 sets forth

---

[2] LVRG thus distinguishes **Korman Commercial Props. v. Furniture.com, LLC**, 81 A.3d 97 (Pa. Super. 2013), and **Cox v. Hott**, 371 A.2d 921, 923 (Pa. Super. 1977), where the failure to raise POs waived a challenge to improper service and validated the otherwise defective form of service. Here, by contrast, LVRG asserts that it timely objected to the complaint on the ground that the original writ was never properly served.

provisions for service of original process for courts of the First Judicial District, which the rule defines as Philadelphia County. The Rule provides, in pertinent part, as follows:

> **Rule 400.1. Provisions for all Courts of the First Judicial District**
>
> (a) In an action commenced in the First Judicial District, original process may be served
>
>> (1) within the county by the sheriff or a competent adult, or
>>
>> (2) in any other county by deputized service as provided by Rule 400(d) or by a competent adult forwarding the process to the sheriff of the county where service may be made.
>
> Note: See Rule 76 for the definition of "competent adult".
>
> The First Judicial District is comprised of Philadelphia County.

Pa.R.C.P. 400.1. The rules of civil procedure define "competent adult" as "an individual eighteen years of age or older who is neither a party to the action nor an employee or a relative of a party." Pa.R.C.P. 76.[3] As Appellees were outside of Philadelphia County, Pa.R.C.P. 400.1(a)(2) is relevant, and thus, service by courier did not constitute proper service.

---

[3] Pa.R.C.P. 400(b) defines the types of cases where service by a competent adult is permitted, as follows: a civil action requesting injunctive relief under Pa.R.C.P. 1531, perpetuation of testimony under Pa.R.C.P. 1532, or appointment of a receiver under Pa.R.C.P. 1533, a request for partition, and declaratory judgment when declaratory relief is the only relief sought.

In granting POs in this case, the trial court underscored that the writs filed by Smash were to be served by original process and therefore, service was required to satisfy Pa.R.C.P. 400.1. "Service by courier did not constitute proper service." Trial Court Opinion, 5/28/14, at 3. Further, "in that there was a defect in original process, the subsequent delivery of the Complaint by mail was improper service. More importantly, the defective service did not toll the statute of limitations." *Id*.

We agree with the trial court. We find guidance in **McCreesh v. City of Philadelphia**, 888 A.2d 664 (Pa. 2005), wherein our Supreme Court revisited Pennsylvania case law regarding defects in service and the establishment of a "good faith" effort to effectuate service. **McCreesh** relaxed the required strict adherence to service by allowing that where a plaintiff "has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice," noncompliance with the rules of civil procedure could be excused, although a plaintiff still bore the burden of establishing that it made a good-faith effort to serve process. *Id*. at 674. Before **McCreesh**, there was inconsistent application of **Lamp v. Heyman**, 366 A.2d 882 (Pa. 1976), and **Farinacci v. Beaver County Industrial Development Authority**, 511 A.2d 757 (Pa. 1986), by trial and intermediate appellate courts. As **McCreesh** explained, some decisions required "plaintiffs to comply strictly" with civil procedural rules relating to service of process and local practice in order to satisfy the good faith

requirement, while others provided a more flexible approach "excusing plaintiffs' initial procedurally defective service . . . ." *McCreesh*, 888 A.2d at 666. *McCreesh* adopted the more flexible approach when it was clear that the defendant had actual notice of the commencement of litigation and was not otherwise prejudiced. *Id*.

*McCreesh* reiterated that whether a plaintiff acted in good faith is "in the sound discretion of the trial court." *McCreesh*, 888 A.2d at 672. Moreover, in *McCreesh*, the defective but good-faith service was accomplished before the expiration of the statute of limitations. In the instant case, Smash's defective service was attempted **after** the statute of limitations expired. Thus, unlike in *McCreesh*, Appellees herein did not have actual notice, and allegedly were unaware, that litigation was commenced until after the statute of limitations expired.

We stated in *Englert v. Fazio Mechanical Services*, 932 A.2d 122 (Pa. Super. 2007), that even when a lawsuit is commenced within the statutory limits, "the statute of limitations is tolled only if the plaintiff then makes a good faith effort to effectuate service." *Id*. at 124. Moreover, "simple neglect and **mistake**," or "conduct that is unintentional that works to delay the defendant's notice of the action may constitute a lack of good faith on the part of the plaintiff." *Id*. at 124–125 (quoting *Devine v. Hutt*, 863 A.2d 1160, 1168 (Pa. Super. 2004) (emphasis added)). "Lack of knowledge, mistake or misunderstanding does not toll the running of the

statute of limitations." ***Booher v. Olczak***, 797 A.2d 342, 345 (Pa. Super. 2002).

In ***Englert***, this Court analyzed ***McCreesh***'s holding that a plaintiff's claims could be dismissed, *inter alia*, where the plaintiff's failure to comply with the rules of civil procedure prejudiced the defendant. ***McCreesh***, 888 A.2d at 674. In ***Englert***, as here, the plaintiffs did not provide the defendants with actual notice of the commencement of the action within the applicable statute of limitations. The defendants therein "had only notice that there was a potential for litigation, which is not the same and cannot suffice." ***Englert***, 932 A.2d at 127 (citing ***McCreesh***, 888 A.2d at 224 n.17).

As in ***Englert***, we discern no abuse of discretion by the trial court in the case *sub judice*. The trial court explained:

> Under Pa.R.C.P. 401(b)(5), "if an action is commenced by writ of summons and a complaint is thereafter filed, the plaintiff instead of reissuing the writ may treat the complaint as alternative original process and as the equivalent for all purposes of a reissued writ, reissued as of the date of the filing of the complaint. Thereafter the writ may be reissued, or the complaint may be reinstated as the equivalent of a reissuance of the writ, and the plaintiff may use either the reissued writ or the reinstated complaint as alternative original process." This rule of law is entirely applicable to these facts. Smash filed their Writ on December 21, 2012. That Writ was improperly served on January 18, 2013. Thereafter Smash filed their Complaint on April 19, 2013, this was also served improperly. Therein, original process had not been served. Furthermore, Smash did not reissue their Writ or correctly reinstate their complaint within the applicable Statute of Limitations period. Ultimately, it was not until May 28, 2013, that LVRG and Barley were properly served process under the Pa.R.C.P., which, consequently, came

- 11 -

after the Statute of Limitations had expired. As a result, jurisdiction did not attach to Defendants. *See Cintas Corp. v. Lee's Cleaning Servs*, 700 A.2d 915, 917-918 (Pa. 1997) (without original process, a court lacks personal jurisdiction over a defendant and is powerless to enter judgment against it). Furthermore, "procedural rules relating to service of process must be strictly followed because jurisdiction of the person of the defendant cannot be obtained unless proper service is made." *Beglin v. Stratton*, 816 A.2d 370, 373 (Pa.Cmwlth. 2003).

Despite this, Plaintiff argued that they made a good faith effort to serve legal process for the purposes of tolling the statute of limitations. The statute of limitations is tolled only if Plaintiff makes a good faith effort to effectuate service of process on the opposing party. *Englert v. Fazio Mechanical Services, Inc.*, 932 A.2d 122 (Pa. Super. 2007). Again, under our facts, the Plaintiff did not timely reinstate the writ in order to preserve the action for purposes of the statute of limitations. Furthermore, process must be immediately and continually reissued until service is effectuated. *Witherspoon v. City of Philadelphia*, 768 A.2d 1079 (Pa. 2001). Ultimately, Plaintiff has failed in this aspect of their good faith effort.

Furthermore, as is mentioned above, the Defendants were not properly served under Pa.R.C.P. 400.1. Significantly, Smash commenced this action in Philadephia County against LVRG and Barley. However, LVRG is located and was served by courier in Lehigh County; while Barley is located and was served by courier in Lancaster County.

Trial Court Opinion, 5/28/14, at 4–5.

We discern no error or abuse of discretion in the trial court's

conclusion that Smash's service of both the writs and complaint was

defective, and defective service was attempted after the expiration of the

statute of limitations. Accordingly, there is no basis to disturb the trial court's grant of preliminary objections and dismissal of the action.[4]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/14/2015

---

[4] Due to our resolution of this issue, we need not address Smash's second issue regarding the viability of Count II in the second amended complaint.