J-A13042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JULIE S. SELWOOD | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MICHAEL J. SELWOOD, | : | |
| | : | |
| Appellant | : | No. 1140 WDA 2015 |

Appeal from the Order dated June 11, 2014
in the Court of Common Pleas of Allegheny County
Family Court, No(s): FD 10-007983-008

| | | |
|---|---|---|
| JULIE S. SELWOOD | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MICHAEL J. SELWOOD, | : | |
| | : | |
| Appellant | : | No. 1141 WDA 2015 |

Appeal from the Order dated July 21, 2014
in the Court of Common Pleas of Allegheny County
Family Court, No(s): FD 10-007983-008

BEFORE: OLSON, STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED AUGUST 24, 2016**

Michael J. Selwood ("Father") appeals from Orders entered on June 11, 2014, and July 21, 2014, in equitable distribution and support proceedings related to his divorce from Julie S. Selwood ("Mother"). We affirm the trial court's June 11, 2014 Order (at appeal No. 1140 WDA 2015), and quash Father's appeal of the trial court's July 21, 2014 Order (at appeal No. 1141 WDA 2015).

The relevant factual history underlying this appeal has been set forth in numerous Opinions issued by this Court in relation to Father's prior appeals of Orders entered in the parties' divorce and custody proceedings.[1] *See Selwood v. Selwood*, 105 A.3d 806 (Pa. Super. 2014) (unpublished memorandum at 1-3, equitable distribution and support proceedings); *see also J.S.S. v. M.J.S.*, 97 A.3d 801 (Pa. Super. 2014) (unpublished memorandum at 1-4, custody proceedings); *J.S.S. v. M.J.S.*, 118 A.3d 450 (Pa. Super. 2015) (unpublished memorandum at 5-11, custody proceedings).

On May 31, 2013, Father filed a Motion to modify child support and alimony *pendente lite*. On October 7 and 8, 2013, Special Master Patricia Miller ("Master Miller") conducted hearings on Father's support modification Motion and certain other claims that were reserved from the equitable distribution trial or consolidated with the support modification proceedings. On November 15, 2013, Master Miller entered her Report and Recommendation ("Report and Recommendation"). On December 3, 2013, Master Miller filed an Amended Explanation to the Report and Recommendation. On that same date, the trial court entered an Order adopting Master Miller's Report and Recommendation, as amended. Father filed Exceptions to the Report and Recommendation. On December 6, 2013, Master Miller filed a Second Amended Explanation to the Report and

_____

[1] The parties have three children, two of whom are still minors: T.S. and A.S.

Recommendation. On December 20, 2013, Mother filed Exceptions to the Report and Recommendation.

On June 11, 2014, the trial court entered an Order wherein it (1) determined that Father had acted in contempt, and ordered Father to pay $16,006.13 in counsel fees to Mother for the contempt (in addition to $10,000 in counsel fees awarded to Mother by Master Miller based on Mother's economic disadvantage); (2) remanded the matter to Master Miller for a hearing on the limited issue of the obligations of the parties for the taxes incurred on frozen marital non-pension assets; (3) dismissed all other Exceptions and Cross-Exceptions filed by the parties; and (4) made the Report and Recommendation entered on November 15, 2013, as amended on December 3, 2013, a final order of court. Father filed a Motion for Reconsideration of the June 11, 2014 Order, which the trial court denied on July 21, 2014.[2] Further proceedings were thereafter conducted in the matter, including proceedings on remand from one of Father's prior appeals, and a Petition for modification of support filed by Father. *See* Trial Court Opinion, 11/2/15, at 2. On June 25, 2015, the trial court entered a final Order disposing of all claims arising out of the parties' equitable distribution and support proceedings.

---

[2] Father also requested certification of the June 11, 2014 Order as a final order, pursuant to Pa.R.A.P. 341, and amendment of the Order to include interlocutory review language, pursuant to 42 Pa.C.S.A. § 702(b). The trial court denied these requests. *See* Trial Court Order, 7/21/14, at 1 (unnumbered).

On July 23, 2015, Father filed a timely Notice of Appeal of the June 11, 2014 Order, at No. 1140 WDA 2015. On that same date, Father filed a separate timely Notice of Appeal of the July 21, 2014 Order, at No. 1140 WDA 2015.[3]

On August 18, 2015, Father filed a court-ordered Pa.R.A.P. 1925(b) Statement of Matters Complained of on Appeal at No. 1140 WDA 2015, which inexplicably raised a claim of error relating to the parties' custody proceedings, rather than any equitable distribution or support matter addressed in the trial court's June 11, 2014 Order:

> The trial court erred in refusing to grant reconsideration and schedule a subsequent day for adjudication of [F]ather's name change [P]etition where the trial court, in so doing, failed to "ensure that as full and complete a record as possible is created when a decision as important as the welfare of a child is at issue," thereby not fulfilling "the duty of the trial court to make the fullest possible inquiry in custody actions." ***Moore v. Moore***, 634 A.2d 163, 167 (Pa. 1993).

Statement of Matters Complained of on Appeal (No. 1140 WDA 2015), 8/18/15, at 2 (unnumbered). Nevertheless, on September 30, 2015, Father filed an Amended Pa.R.A.P. 1925(b) Statement of Matters Complained of on Appeal, wherein he raised the following assignment of error: "The trial court erred in awarding Mother $16,006.13 in counsel fees, and by overturning

---

[3] It is unclear as to why Father filed two separate appeals, as "[a] party needs to file only a single notice of appeal to secure review of prior non-final orders that are made final by the entry of a final order." Pa.R.A.P. 341, cmt (citation omitted). Nevertheless, on August 12, 2015, this Court, *sua sponte*, consolidated the two appeals for briefing and argument purposes only. ***See*** Pa.R.A.P. 513.

the Master's finding that Father had acted in good faith regarding the children's medical and extra-curricular expenses." Amended Statement of Matters Complained of on Appeal, 9/30/15, at 5 (unnumbered).[4]

Also on August 18, 2015, Father filed a separate court-ordered Pa.R.A.P. 1925(b) Statement of Matters Complained of on Appeal at No. 1141 WDA 2015, raising the following assignments of error in relation to the trial court's July 21, 2014 Order:

1. The [t]rial [c]ourt erred in dismissing Father's [E]xception that [Master Miller] erred in calculating the income tax reimbursement owed by Father to Mother pursuant to the 10/4//2010 consent support [O]rder and 5/20/2013 [D]ecree;

2. The [t]rial [c]ourt erred in dismissing Father's [E]xception that [Master Miller] erred in calculating Father's obligation to reimburse the children's medical and extra[-]curricular activities expenses;

3. The [t]rial [c]ourt erred in dismissing Father's [E]xception that, in calculating support arrears, [Master Miller] erred in failing to fully credit Father for his payments toward family memberships and life insurance premiums, as he was contractually bound to do so under the 10/4/2010 consent support [O]rder and 8/9/10 [O]rder;

4. The [t]rial [c]ourt erred in dismissing Father's [E]xception that [Master Miller] erred by failing to name Father as the custodian of the children's 529 college savings accounts for [T.S.] and [A.S.];

5. The [t]rial [c]ourt erred in dismissing Father's [E]xception that [Master Miller] erred by awarding $10,000 [in] legal

---

[4] Although Father did not specifically indicate which appeal his amended statement pertained to, the trial court was of the opinion that it was filed in connection with the appeal at No. 1140 WDA 2015. **See** Trial Court Opinion, 11/2/15, at 2.

fees to Mother, and by awarding Mother and [*sic*] additional $16,006.13 over and above [Master Miller's] recommended award, based on an erroneous determination that Father did not act in good faith regarding payment for his share of the children's medical and extra-curricular expenses;

6. The [t]rial [c]ourt erred in dismissing Father's [E]xception that [Master Miller] erred by failing to award Father reimbursement of his legal and expert fees related to Mother's failure to abide by the 10/4/10 consent [O]rder[,] requiring allocation of tax attributes[,] and causing Father to undergo an IRS audit that ultimately resulted in no changes to his return.

Statement of Matters Complained of on Appeal (No. 1141 WDA 2015), 8/18/15, at 2-3 (unnumbered).

Initially, we must address whether Father's appeals are properly before us. Where a court expressly denies a motion for reconsideration, an appeal cannot be taken from the order denying the motion for reconsideration. **See Provident Nat'l Bank v. Rooklin**, 378 A.2d 893, 897 (Pa. Super. 1977) (holding that "Pennsylvania case law is absolutely clear that the refusal of a trial court to reconsider, rehear, or permit reargument of a final decree is not reviewable on appeal."). Rather, the appeal generally lies from the underlying order denying relief. **See generally Cheathem v. Temple Univ. Hosp.**, 743 A.2d 518, 521 (Pa. Super. 1999) (explaining that an order denying a motion for reconsideration is not reviewable on appeal). Because the trial court's July 21, 2014 Order denying Father's Motion for Reconsideration is non-reviewable on appeal, we cannot address the issues

- 6 -

raised by Father in his appeal of that Order. We therefore quash the appeal at No. 1141 WDA 2015.

In reference to Father's appeal of the trial court's June 11, 2014 Order, at No. 1140 WDA 2015, Father's Amended Statement of Matters Complained of on Appeal raised the following issue: "The trial court erred in awarding Mother $16,006.13 in counsel fees, and by overturning the Master's finding that Father had acted in good faith regarding the children's medical and extra-curricular expenses." Amended Statement of Matters Complained of on Appeal, 9/30/15, at 5 (unnumbered). As this issue was set forth in Father's Statement of Issues on Appeal, *see* Pa.R.A.P. 2116(a), we will proceed to address it. *See* Father's Brief at 11 (at issue number 5).[5]

Father points to Master Miller's finding that Father acted in good faith and her denial of Mother's request for counsel fees based on Father's contempt, and contends that, in light of these rulings, Master Miller erred by awarding $10,000 in legal fees to Mother. *Id*. at 29. Father asserts that Mother's "actions in unilaterally filing her 2010 income tax return and deflecting Father's good faith requests for information brought on much of

---

[5] The remaining issues set forth in Father's Statement of Issues on Appeal pertain to the issues he raised in his appeal of the trial court's July 21, 2014 Order denying his Motion for Reconsideration. *See* Father's Brief at 11 (at issue numbers 1-4, 6); *see also* Statement of Matters Complained of on Appeal (No. 1141 WDA 2015), 8/18/15, at 2-3 (unnumbered). Because Father's appeal at No. 1141 WDA 2015 has been quashed, we need not address these issues. However, even if we were to address these issues, we would have concluded that they lack merit for the reasons set forth by the trial court in its Opinion. *See* Trial Court Opinion, 11/2/15, at 4-8, 9.

the counsel fees for which she claimed." *Id*. at 29. Father claims that it was unreasonable for Mother to spend $13,857.50 in legal fees to recover $13,176.71 in reimbursements. *Id*. Father points to the admission of Mother's counsel that "all of the charges for 'economic' matters were included in the same counsel fee bill and not at all segregated[,]" and argues that "it is very likely that much of the $13,857.50 claimed actually overlaps with other putative charges not directly related to the modification petition alone, which formed only a small part of the October 7 and 8, 2013 proceedings." *Id*. at 30. Father further contends that "[s]ustaining the below award of counsel fees to Mother will only serve to perpetuate the endless cycle of litigation[,]" noting that he has "had to defend 37 trips to [m]otions [c]ourt, 20 days of trial, hearings and depositions, [] spent countless tens of thousands of dollars on discovery matters[,] has survived six state, local and federal tax audits, [has] been completely wiped out of liquid assets and cannot afford further litigiousness by Mother." *Id*.[6]

This issue was not raised in Father's Amended Statement of Matters Complained of on Appeal at No. 1140 WDA 2015. In that Statement, Father

---

[6] We find Father's arguments regarding Mother's "litigiousness" to be disingenuous, given that these appeals constitute Father's *fifth and sixth* appeals in his equitable distribution and custody proceedings with Mother. *See* Trial Court Opinion, 11/2/15, at 2; *see also id*. at 9 (wherein the trial court noted Father's "litigation strategy" to "contemptuously refuse[] to reimburse Mother the actual and legitimate expenses she incurred on their children's behalf[,] and that this refusal resulted in the continuing protracted litigation and Mother's [counsel] fees.").

challenged only the *trial court's award of $16,006.13 in counsel fees* to Mother, based on the trial court's determination that Father had acted in contempt. Amended Statement of Matters Complained of on Appeal, 9/30/15, at 5 (unnumbered). Notably, Father's argument on appeal pertains solely to *Master Miller's separate award to Mother of $10,000 in counsel fees* based on Master Miller's determination that Father's net income of $35,399 per month was substantially greater than Mother's earning capacity of $3,401 per month, and, consequently, that Mother was at an economic disadvantage. **See** Report and Recommendation, 11/15/13, at 6, 7. Because Father did not preserve this issue for our review by raising it in his Amended Statement of Matters Complained of on Appeal, it is waived.[7] **See** Pa.R.A.P. 1925(b)(4)(vii) (providing that issues not raised in a concise statement of errors complained of on appeal are waived); **see also Korman Commercial Prop., Inc. v. Furniture.com, LLC**, 81 A.3d 97, 102-03 (finding waiver where an issue was not included in the concise statement of errors complained of on appeal).

Order entered on June 11, 2014 (at No. 1140 WDA 2015) is affirmed; Father's appeal of the July 21, 2014 Order (at No. 1141 WDA 2015) is quashed.

---

[7] As noted above, Father's initial Statement of Matters Complained of on Appeal at No. 1140 WDA 2015 inexplicably raised a claim of error relating to the parties' custody proceedings, and did not raise any claim of error related to the equitable distribution or support matters addressed in the June 11, 2014 Order at issue in this appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/24/2016