J-S75033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BAYVIEW LOAN SERVICING, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| QUANDRA R. HOWIE BURTH, IN HER | : | |
| CAPACITY AS CO-ADMINISTRATRIX | : | |
| AND HEIR OF THE ESTATE OF ROBERT | : | |
| L. HOWIE, TANYA D. HOWIE, IN HER | : | |
| CAPACITY AS CO-ADMINISTRATRIX | : | |
| AND HEIR OF THE ESTATE OF ROBERT | : | |
| L. HOWIE, CHERYL ANN NELSON, | : | |
| SABRINA HOWIE AND ROSCHAEL | : | |
| GARFIELD, | : | |
| | : | |
| APPEAL OF:  TANYA D. HOWIE, HEIR | : | |
| OF THE ESTATE OF ROBERT L. HOWIE | : | No. 592 EDA 2016 |

Appeal from the Order dated January 13, 2016
in the Court of Common Pleas of Philadelphia County,
Civil Division, No(s):  121201691

BEFORE:  BOWES, MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                     **FILED DECEMBER 05, 2016**

Tanya D. Howie ("Howie"), in her capacity as Co-Administratrix and heir of the Estate of Robert L. Howie ("the Estate"), appeals, *pro se*, from the Order denying her Motion to set aside Sherriff's Sale, which had been executed pursuant to a mortgage foreclosure action commenced by J.P. Morgan Chase Bank, NA ("the Bank").[1, 2]  We affirm.

---

[1] Following the entry of judgment in favor of the Bank, the judgment was marked to the use of Bayview Loan Servicing, LLC ("Bayview").

[2] The remaining defendants in the court below are not parties to this appeal.

The trial court set forth the factual and procedural history of this case, which we adopt for the purpose of this appeal. ***See*** Trial Court Opinion, 4/25/16, at 1-4.

On appeal, Howie raises the following issues for our review:

a. [Whether the trial court erred in not concluding that t]here was lack of service as a result of [the Bank] serving [the] Notice of [s]heriff [s]ale by regular mail and certified mail to [] Howie, [as] Co-Administratrix of the Estate [] and individually on May 1, 2015[,] in accordance with the Order of [c]ourt dated March 6, 2013[,] which granted [the Bank] the authority to serve the Complaint only[,] not the Notice of [s]ale as alleged[?]

b. [Whether the trial court erred in not concluding that the Bank,] through Bayview[,] acted in bad faith in actively negotiating a sale with [] Howie[,] who in good faith presented a willing and able buyer prior to the [s]ale which the exact same [b]uyer subsequently bought the property via the [s]heriff's [s]ale process[?]

c. [Whether the trial court erred in not concluding that t]he property was sold for a grossly inadequate sales price of $72,000.00 after being valued between $148,000[.00] and $152,810.00 by [the Bank?]

d. [Whether the trial court erred in not concluding that the Bank's] Response to the Motion to [s]et [a]side [s]heriff's [s]ale was untimely filed[?]

Brief for Appellant at 4.

In her first issue, Howie contends that there was a defect in the service of the Notice of the sheriff's sale because the Bank never sought leave of court to make alternative service to Howie, and instead relied on a two-year-old Order granting alternative service of the Complaint. ***Id***. at 24-25. Howie points to a March 7, 2013, Order, wherein the trial court decreed

- 2 -

that the "Complaint and Case Management Order having not been served on Defendant(s), the Conciliation Conference is cancelled. Plaintiff shall serve the Complaint on Defendant(s) and thereafter file a Praecipe with the Prothonotary requesting that the Conciliation Conference be rescheduled." *Id*. at 26. Howie asserts that the Bank thereafter filed a Praecipe to re-instate the Complaint, but used Affidavits of service dated prior to the March 7, 2013, Order, thereby rendering service of the Complaint ineffective. *Id*.

The trial court addressed Howie's first issue, set forth the relevant law, and concluded that it lacks merit. *See* Trial Court Opinion, 4/25/16, at 5-6. We agree with the reasoning of the trial court and affirm on this basis as to Howie's first issue. *See id*.

In her second issue, Howie contends that, pursuant to 41 P.S. § 404, she had a right to cure her default until one hour before the commencement of bidding at a judicial sale. Brief for Appellant at 27. Howie asserts that she "presented the means (a [b]uyer) to satisfy the mortgage in total more than a month before the sale and was in active negotiation with the [Bank] less than 5 business days before the [s]ale took place." *Id*.

The trial court addressed Howie's second issue, set forth the relevant law, and concluded that it lacks merit. *See* Trial Court Opinion, 4/25/16, at 6-7. We agree with the reasoning of the trial court and affirm on this basis as to Howie's second issue. *See id*.

Howie's brief contains no argument regarding her third issue. *See* Pa.R.A.P. 2119(a) (stating that the parties' briefs must include a discussion of each question raised on appeal and a "citation of authorities as are deemed pertinent."). Moreover, Howie failed to raise this issue in the "Issues for Appeal" section of her court-ordered Pa.R.A.P. 1925(b) Concise Statement. *See Korman Commercial Props. v. Furniture.com, LLC*, 81 A.3d 97, 102 (Pa. Super. 2013) (deeming as waived an issue that was not raised in the concise statement). Therefore, Howie's third issue is waived.

In her fourth issue, Howie contends that the trial court penalized her for not filing a timely answer to the Complaint, resulting in a default judgment. Brief for Appellant at 28. Howie asserts that the Bank should be "held to the same standards," due to the untimely filing of its Opposition to Howie's Motion to set aside the sheriff's sale. *Id*.

Howie's fourth argument is woefully underdeveloped, and lacks citation to the record and pertinent legal authority. *See* Pa.R.A.P. 2119(a). Nevertheless, the trial court addressed Howie's fourth issue, set forth the relevant law, and concluded that it lacks merit. *See* Trial Court Opinion, 4/25/16, at 7. We agree with the reasoning of the trial court and affirm on this basis as to Howie's fourth issue. *See id*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/2016

**IN THE COURT OF COMMON PLEAS**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| JP MORGAN CHASE BANK, NA | : | SUPERIOR COURT No. |
| | : | 592 EDA 2016 |
| v. | : | |
| | : | December Term 2012, No. 1691 |
| TANYA D. HOWIE et al | : | |

## OPINION

Appellant, Tanya Howie, in her capacity as Co-Administratrix and Heir of the Estate of Robert L. Howie, appeals from this court's order denying her Motion to Set Aside Sheriff's Sale.

## FACTUAL AND PROCEDURAL HISTORY

This case commenced December 12, 2012, with the filing of a Complaint in Mortgage Foreclosure against numerous defendants, including Appellant, and the Property located at 4608 Conshohocken Avenue, Philadelphia, Pennsylvania. The Complaint averred that on January 21, 1998, Robert L. Howie made and delivered a mortgage upon the premises to AAKO, Inc., recorded in the Office of the Recorder of Deeds of Philadelphia, Book 1049, Page 567. The mortgage was assigned December 22, 2009 to JP Morgan Chase, NA ("Appellee") and recorded at Document ID 52159028. The Complaint averred that Robert L. Howie had died on July 22, 2008; that Quanda R. Howie Burth and Tanya D. Howie were appointed Co-Administrators of the Estate, with Letters of Administration granted October 5, 2009. The Complaint averred the mortgage was in default as of January 1, 2011.

On March 4, 2013, Appellee filed a Motion for Alternative Service, seeking to obtain service of the Complaint on Tanya D. Howie, in her capacity as Co-Administratrix and heir of the Estate of Robert L. Howie at her last known address.

On March 8, 2013, this court granted Appellee's Motion for Alternative Service upon Appellant in her capacity as Co-Administratrix of the Estate of Robert L. Howie, *and in her capacity as heir*, allowing Appellee to serve Appellant by first class and regular mail at her last known address of 606 Ruskin Lane, Yeadon, Pennsylvania, 19050, and by posting of the premises.

Jp Morgan Chase Bank, N.A Vs Howie Etal-OPFLD

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b)    04/25/2016

12120169100082

On April 6, 2013, Appellee filed Affidavits of Service stating that it had served Appellant by Certified First Class Mail and First Class Regular Mail, as Co-Administratrix *and as heir* of the Estate of Robert L. Howie.

On April 16, 2013, Appellee filed an Affidavit of Service stating that it had served Appellant by posting the mortgaged premises on April 6, 2013.

On November 19, 2013, Appellee filed a Praecipe for Judgment by Default.

On April 7, 2015, Appellee filed a Praecipe to Mark Judgment to the Use of Bayview Loan Servicing, LLC.

On June 4, 2015, Appellee filed an Affidavit of Service, stating that a true and correct copy of the Notice of Sheriff's Sale was sent to Tanya D. Howie on May 1, 2015 in accordance with this court's order of March 6, 2013, at her last known address of 606 Ruskin Lane, Yeadon, Pennsylvania, 19050. The Affidavit also averred that the Property was posted on April 13, 2015.

On June 22, 2015, Appellee filed an Affidavit of Service stating that, in accordance with Pa.R.C.P. 3129.1, Notice of the Sheriff's Sale had been mailed to Tanya D. Howie, in her capacity as Co-Administratrix *and as heir* of the Estate of Robert L. Howie, at her last known address of 606 Ruskin Lane, Yeadon, Pennsylvania, 19050.

On June 23, 2015, Appellee filed a Notice of Continuance of the Sheriff's Sale, averring that the sale scheduled for July 7, 2015 was continued until October 6, 2015, and certified that true and correct copies of the Continued Sheriff's Sale and Certificate of Filing were served by regular mail on Appellant at 606 Ruskin Lane, Yeadon, Pennsylvania.

On September 15, 2015, Appellee filed a Notice of Continuance of the Sheriff's Sale from October 6, 2015 until November 10, 2015, and certified that true and correct copies of the Continued Sheriff's Sale and Certificate of Filing were served by regular mail on Appellant at 606 Ruskin Lane, Yeadon, Pennsylvania.

On November 10, 2015, the Property was exposed to Sheriff's Sale and sold to Truyen Truong for $72,000.00.

On November 18, 2015, Appellant filed a Motion to Set Aside Sheriff's Sale, arguing that the sale should be set aside "for want of authority ... or fraud." She further averred that this fraud was "failure of the plaintiff to file an accurate affidavit of Service of Notice of the Sheriff sale with the Philadelphia County Prothonotary's Office." Appellant argued that Appellee had not complied with Pa.R.C.P. 3129.1(c), in that the docket did not show "service on Defendant Tanya D. Howie for notice of the November 11th 2015 foreclosure sale." Thus, Appellant argued the sale should be set aside for Appellee's "want of authority / fraud." The alleged lack of notice was the sole reason Appellant challenged the sale.

On December 14, 2015, Appellee filed an Answer in Opposition to Appellee's Motion, denying Appellant's averments. Appellee argued that because Appellant failed to file a responsive pleading in the mortgage foreclosure complaint, she had admitted all allegations, and thus, the sheriff did not lack authority to sell the property. Appellee further argued that there has been no allegation of fraud, and no legal basis to set aside the sheriff's sale, and that Appellee served Appellant pursuant to Pa.R.C.P. 3129.2 and filed an affidavit of compliance with the Order granting alternative service on June 4, 2015.

On December 22, 2015, Appellant filed a Reply to Appellee's Response, arguing that Appellee's Answer was late. Appellant further argued that on September 23, 2015, an "agreement of sale was entered into for a sales price of $70,000.00 ... on September 28, 2015 proof of funds was submitted to Bayview Loan Servicing to show that the buyer was ready willing and able to make purchase of the property thereby retiring the mortgage ... Plaintiffs refused to give the defendants a true and accurate payoff statement ..."

On January 14, 2016, this court denied Appellant's Motion.

On February 9, 2016, Appellant filed a timely Notice of Appeal to the Superior Court of Pennsylvania.

3

On February 17, 2016, this court issued its Order pursuant to Pa. R.A.P. 1925(b), directing Appellant to file her Concise Statement of Matters Complained of on Appeal within twenty-one (21) days.

On March 2, 2016, Appellant filed her Concise Statement of Matters Complained of on Appeal, arguing this court erred: "by allowing a lack of service to Defendant Tanya D. Howie individually and as Co-Administrator for the Estate of Robert L. Howie;" by not allowing an evidentiary hearing or oral argument; by not addressing the ability of Appellant to cure the mortgage default; and in allowing Appellee's response to the Motion to Set Aside Sheriff's Sale to be filed "after the due date."

## DISCUSSION

Appellant contests this court's denial of her Motion to Set Aside Sheriff's Sale on a number of grounds.

The purpose of a sheriff's sale in mortgage foreclosure proceedings is to realize out of the land, the debt, interest, and costs which are due, or have accrued to, the judgment creditor." *Bank of America, N.A. v. Estate of Hood,* 47 A.3d 1208, 1211 (Pa.Super.2012) (quoting *Provident Nat'l Bank, N.A. v. Song,* 832 A.2d 1077, 1081 (Pa.Super.2003), *appeal denied,* 577 Pa. 736, 848 A.2d 929 (2004)). "Upon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances." Pa.R.C.P. 3132; *see also Estate of Hood,* 47 A.3d at 1211. Equitable considerations govern the court's decision to set aside, and appellate courts will not reverse the trial court's decision absent an abuse of discretion. *Blue Ball Nat. Bank v. Balmer,* 810 A.2d 164, 167 (Pa.Super.2002), *appeal denied,* 573 Pa. 662, 820 A.2d 702 (2003). The burden of proving circumstances warranting the exercise of the court's equitable powers is on the applicant; the application may be refused due to "the insufficiency of proof to support the material allegation of the application, which are generally required to be established by clear evidence." *Allegheny Cnty. v. Golf Resort, Inc.,* 974 A.2d 1242, 1245 (Pa. Commw. Ct. 2009).

4

## I. SERVICE

Appellant argues that there was "a lack of service" to Appellant individually and as Co-Administrator for the Estate of Robert L. Howie "each time a Motion for Alternative Service was granted for all other defendants except for Appellant" and argues that Appellee "never sought leave of Court for Alternative service for Defendant Tanya D. Howie individually and as a known Heir and Co-Administrator." However, as noted in the procedural history above, Appellee served Appellant both *in her capacity as administrator* and *in her capacity as heir*. These capacities are separate. An heir is an individual entitled under the laws of intestacy to receive an intestate decedent's property. HEIR, Black's Law Dictionary (10th ed. 2014). An administrator is a person appointed by the court to manage the assets and liabilities of an intestate decedent. ADMINISTRATOR, Black's Law Dictionary (10th ed. 2014).

Moreover, the docket reflects that on March 4, 2013, Appellee filed a Motion for Alternative Service pursuant to Pa.R.C.P. 430, seeking to serve the complaint on Appellant in her capacity as a Co-Administratrix and as an Heir of the Estate. The motion complied with the requirements of Pa.R.C.P. 430 and was granted on March 8, 2013. Appellee then filed Affidavits of Service of the Complaint by Certified First Class Mail and First Class Regular Mail on Appellant (in her capacity as Co-Administratrix and as heir) at 606 Ruskin Lane, Yeadon, Pennsylvania, 19050. Notably, Appellant does not dispute the Ruskin Lane address, the address at which all service was made. Additionally, pursuant to this court's March 8, 2013 order, Appellant was served by posting the mortgaged premises.

Pa.R.C.P. 3129.1 governs the requirements for Notice of the Sale of Real Property, and states that no sale of real property upon a writ execution shall be held until the plaintiff has filed with the sheriff the affidavit required by subdivision (b) and the notice required by Rule 3129.2 has been served. Appellee filed such an affidavit on June 22, 2015, averring that in accordance with the Rules, Appellant was served in her capacity Co-Administratrix and as heir at 606 Ruskin Lane, Yeadon, Pennsylvania, 19050.

5

On June 23, 2015, Appellee filed a Notice of Continuance of the Sheriff's Sale, noting that the sale scheduled for July 7, 2015 was continued until October 6, 2015. On September 15, 2015, Appellee filed a Notice of Continuance of the Sheriff's Sale, noting that the sale scheduled for October 6, 2015 was continued until November 10, 2015. Both dates were within the one hundred thirty (130) days required by Pa.R.C.P. 3129.3, which states that if the sale is continued within one hundred thirty (130) days of the scheduled sale, notice of which sale was given as provided by Rule 3129.2, and public announcement thereof, including the new date, is made to the bidders assembled at the time and place fixed for the sale, no new notice as provided by Rule 3129.2 shall be required, but there may be only two such stays, continuances, postponements or adjournments within the one hundred thirty day period without new notice. Appellee filed the appropriate Notices and affidavits that it had served this notice upon Appellant by regular mail at 606 Ruskin Lane, Yeadon, Pennsylvania, 19050.

Consequently, the docket showed that service was properly made upon Appellant at all stages of this matter. Her contention that she was not served and that this alleged lack of service constituted fraud requiring the setting aside of the sheriff's sale is meritless.

## II.     EVIDENTIARY HEARING OR ORAL ARGUMENT

Appellant can point to no Rule of Civil Procedure or case law requiring an evidentiary hearing or oral argument on a Motion to Set Aside Sheriff's Sale. As discussed above, it is Appellant's burden to prove good cause to set aside the sale. In the instant case, the Motion mentioned only that service was not proper. However, this court determined that service and notice had been properly made. There was no issue remaining requiring an evidentiary hearing or oral argument.

## III.     ABILITY OF APPELLANT TO CURE MORTGAGE DEFAULT

Appellant argues this court erred in "not addressing the ability of Appellant to cure the mortgage default, in the Reply to the Answer of the Plaintiffs" by presenting a willing and able buyer. This argument is meritless. Appellee obtained a judgment by default on **November 19, 2013** in the amount of $43,893.94.

At no time during the pendency of this case did Appellant file an Answer to the Complaint, present evidence of her ability to cure the default, or otherwise file a response on the docket. Her first filing was her Motion to Set Aside Sheriff's Sale, and the alleged buyer was not mentioned in that Motion. Regardless of the buyer, the fact remains that Appellee possessed a valid judgment and the right to sell the Property at Sheriff's Sale if it so desired. *See* Pa.R.C.P. 3101 *et seq.*; *Estate of Hood,* 47 A.3d at 1211.

## IV. RESPONSE DATE

Appellant argues that this court erred in "allowing" Appellee to file a response to Appellant's Motion to Set Aside after the response date, because "a judgment by default was initially obtained … for failure of Defendants to Answer the Complaint in a timely fashion." This argument is meritless. The Pennsylvania Rules of Civil Procedure provide specific rules governing the filing of Complaints, service of Complaints, time to respond to Complaints, and the entry of a default judgment due to a defendant's failure to respond. *See* Pa.R.C.P. 1017; Pa.R.C.P. 1026; Pa.R.C.P. 237.1; Pa. R.C.P. 1037.

Appellant did not answer the Complaint, and as a consequence, a judgment by default was entered against her pursuant to Pa.R.C.P. 1037. Appellee filed a late response to Appellant's meritless motion, which was not endorsed with a Notice to Plead pursuant to Pa.R.C.P. 1026, four (4) days after the Motion was assigned to this court. Appellant's argument attempts to make a link between these two filings, however, they are governed by different rules of Civil Procedure and different guidelines. There was no error in "allowing" Appellee's filing.

## CONCLUSION

For all of the reasons stated above, this court's decision should be affirmed.

BY THE COURT:

NINA WRIGHT PADILLA, J.

DATE: 4/25/2016

7