J-S45032-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ELAINE MICKMAN | : | |
| | : | No. 1292 EDA 2019 |
| Appellant | : | |

Appeal from the Order Entered March 27, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  02793 November Term, 2014

| | | |
|---|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ELAINE MICKMAN | : | |
| | : | No. 1295 EDA 2019 |
| Appellant | : | |

Appeal from the Order Dated March 27, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  02793 November Term, 2014

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED NOVEMBER 30, 2020**

In these consolidated appeals, Elaine Mickman (Appellant) appeals from the orders entering judgment against her and in favor of Philadelphia Professional Collections, LLC (PPC).  Upon careful review, we affirm.

On December 1, 2007, Appellant retained the law firm of White & Williams, LLP (W&W) to represent her with litigation in the state of Delaware.[1] Appellant signed a written engagement contract prepared by W&W; she agreed to pay for legal fees at W&W's hourly rates, as well as any out-of-pocket costs and expenses incurred by W&W in connection with Appellant's case. In the following years, Appellant and her ex-husband engaged in protracted litigation, which is not relevant to the instant appeal.

In connection with W&W's representation of Appellant in the Delaware litigation, W&W sought payment from Appellant; however, she failed to pay fees and costs of approximately $157,600. W&W then sent Appellant a letter, dated October 20, 2014, stating that it had assigned its rights and claims against her to PPC, a payment collections company. Notably, PPC is a wholly owned subsidiary of W&W. After Appellant refused PPC's demand for payment, the trial court granted W&W leave to withdraw as Appellant's counsel.

On November 25, 2014, PPC filed a complaint against Appellant raising two causes of action, breach of contract and unjust enrichment.[2] W&W was not named as a party in the action. PPC attempted to serve Appellant, without

---

[1] The litigation concerned the division and ownership of substantial business assets held by Appellant and her ex-husband.

[2] PPC later withdrew the unjust enrichment count.

success, for over a year.  Eventually, however, Appellant was served, and the trial court permitted her to proceed *in forma pauperis*.  On July 10, 2015, Appellant filed *pro se* preliminary objections.  Appellant represented herself in all of the proceedings before the trial court.[3]

On April 13, 2016, PPC filed a motion *in limine*, requesting that the trial court preclude Appellant from introducing certain evidence at trial.  The court conducted a hearing on the motion and eventually granted it, stating:

> In this matter, [Appellant] will be precluded from providing any evidence against the nonparty [W&W,] and evidence of [Appellant's] own financial and/or health status.  Th[is evidence] will not be permitted in the course of this trial, nor may [Appellant] introduce any evidence, argument, or testimony regarding [W&W], [and] … any potential legal malpractice action or breach of contract or egregious billing practices [by W&W].

N.T., 4/28/16, at 32-33 (motion *in limine* order).[4]

The matter proceeded to a jury trial on December 10, 2018.  At the close of trial on December 12, 2018, the jury entered a verdict in PPC's favor, and awarded PPC approximately $157,600.

On December 21, 2018, Appellant filed a *pro se* motion for post-trial relief.  Appellant raised, in relevant part, the following claims of error:

- "The verdict result was affected by a Motion *in Limine*, which precluded enjoining an indispensable party[, W&W]";

---

[3] Appellant is represented by counsel on appeal.

[4] Appellant filed an appeal from the motion *in limine* order, which this Court, on June 24, 2016, quashed as interlocutory.

- 3 -

- • "The verdict is against the weight of the evidence and burden of proof, and was based on false testimony and conflicting and contradictory evidence of [PPC's] witnesses and exhibits."

- • "Conduct of the court and counsel prejudiced the jury and tainted the verdict."

Motion for Post-Trial Relief, 12/21/18, at 1 (numbering omitted). Appellant sought the entry of judgment in her favor notwithstanding the verdict (JNOV), or a new trial. PPC filed a response in opposition to Appellant's motion on January 9, 2019.

In the interim, PPC filed a motion to mold the verdict to reflect an award of pre-judgment interest (motion to mold verdict) on December 21, 2018.

On March 19, 2019, Appellant filed a motion requesting that the presiding judge recuse. The trial court scheduled a hearing on Appellant's respective motions.

By an order entered March 27, 2019, the trial court denied Appellant's motion for post-trial relief and entered judgment against Appellant for approximately $157,600. By separate order entered the same day, the court granted PPC's motion to mold verdict, and entered a revised judgment against Appellant for $196,535.24. The court denied Appellant's motion to recuse in an order entered March 27, 2019.

On April 25, 2019, Appellant filed a *pro se* notice of appeal.[5] The trial court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant timely filed a *pro se* concise statement, after which the trial court issued an opinion.

Appellant presents three issues for our review:

1. [Whether t]he court erred as a matter of law and overlooked or misapplied the rules by not vacating, nullifying, or reversing a verdict as nonsuit and that was without a cause of action to establish relief[, where PPC]:

   (a) failed to join an indispensable party; and

   (b) changed their Judicial Notice pleading during trial and testimony after [PPC] intentionally deceived the court into granting a Motion in *Limine*[,] which denied [Appellant] due process, and willfully precluded and suppressed [Appellant] from asserting and presenting defenses, counterclaims, cross-claims, and/or recoupment to, and that, ensured omissions for matters of controversy?

2. Did the court err by not vacating, nullifying or reversing the verdict which was against the weight of the evidence and burden of proof, [where the verdict] was excessive, and relied on [PPC's] conflicting and contradictory testimony and evidence?

3. Did the court err in not granting a new trial due to the jury being tainted and influenced by prejudicial remarks and

_____

[5] Appellant filed two separate notices of appeal; one pertained to the order granting PPC's motion to mold verdict, and entering judgment against Appellant, and the other pertained to the order denying Appellant's post-trial motion. On May 23, 2019, Appellant filed a *pro se* application to consolidate, which we granted by *per curiam* order on June 7, 2019.

conduct in the court, by the court, and by the jury not honoring their oath to decide on the burden of evidence?

Appellant's Brief at 4-5.

Appellant's first issue contains two sub-issues: whether the trial court erred in (a) failing to join W&W as an indispensable party to the action brought by its wholly owned subsidiary, PPC, *see id.*; and/or (b) granting PPC's motion *in limine*, which deprived Appellant of due process and her right to present a complete case. *See id.* at 20-21. We address these claims separately.

We have explained:

> [i]n reviewing a trial court's denial of a post-trial motion seeking a new trial, this Court applies a deferential standard of review. The decision whether to grant or deny a new trial is one that lies within the discretion of the trial court. We will not overturn such a decision unless the trial court grossly abused its discretion or committed an error of law that controlled the outcome of the case.

*Woullard v. Sanner Concrete & Supply*, 2020 PA Super 263, \*\*18-19 (Pa. Super. 2020) (citation omitted).

Concerning a trial court's ruling on a motion for JNOV, our standard of review is as follows:

> A JNOV can be entered upon two bases: (1) where the movant is entitled to judgment as a matter of law; and/or, (2) the evidence was such that no two reasonable minds could disagree that the verdict should have been rendered for the movant. When reviewing a trial court's denial of a motion for JNOV, we must consider all of the evidence admitted to decide if there was sufficient competent evidence to sustain the verdict. In so doing, we must also view this evidence in the light most favorable to the verdict winner, giving the victorious party the benefit of every reasonable inference arising from the evidence and rejecting all unfavorable testimony and inference[s]. Concerning any

- 6 -

questions of law, our scope of review is plenary. Concerning questions of credibility and weight accorded the evidence at trial, we will not substitute our judgment for that of the finder of fact. If any basis exists upon which the jury could have properly made its award, then we must affirm the trial court's denial of the motion for JNOV. A JNOV should be entered only in a clear case.

*Egan v. USI Mid-Atlantic, Inc.*, 92 A.3d 1, 19-20 (Pa. Super. 2014) (citation omitted).

In Appellant's issue 1(a), she contends the trial court erred in denying her post-trial relief where W&W should have been joined as an indispensable party to the action. *See* Appellant's Brief at 8, 10-20. Appellant contends,

PPC is merely a shell company created as an illusion to in part frustrate litigation efforts of the defendants in their path. … PPC is W&W. W&W represents PPC. PPC receives nothing and surrenders every nickel recovered. More properly, PPC is the collections department for W&W. W&W is the true party. It is W&W['s] interests that are protected with the PPC shield, it is their financial interests being pursued and it is all theirs at the end of the day.

*Id.* at 8.

The failure to join an indispensable party to a lawsuit deprives the court of subject matter jurisdiction. *Orman v. Mortgage I.T.*, 118 A.3d 403, 406 (Pa. Super. 2015). We have explained,

a party is indispensable when his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights. If no redress is sought against a party, and its rights would not be prejudiced by any decision in the case, it is not indispensable with respect to the litigation. We have consistently held that a trial court must weigh the following considerations in determining if a party is indispensable to a particular litigation.

- 7 -

1. Do absent parties have a right or an interest related to the claim?

2. If so, what is the nature of that right or interest?

3. Is that right or interest essential to the merits of the issue?

4. Can justice be afforded without violating the due process rights of absent parties?

In determining whether a party is indispensable, the basic inquiry remains whether justice can be done in the absence of a third party. In undertaking this inquiry, the nature of the claim and the relief sought must be considered.

*Hendricks v. Hendricks*, 175 A.3d 323, 328-29 (Pa. Super. 2017) (citations omitted).

Instantly, the trial court determined that W&W was not an indispensable party, stating:

> PPC is a wholly owned limited liability company that is owned by the law firm of [W&W]. It is the company that collects outstanding accounts receivables or bills due from ex-clients who failed to pay their bills. N.T., 12/10/18, at 98. The collection effort by PPC was started through a written assignment agreement [in] which [W&W] assigns all its rights to collect the outstanding bill to PPC. *Id.* at 99.

> The evidence showed that [PPC] received an assignment of [W&W's] rights to all claims and accounts receivable that [W&W] has or had against [Appellant]. Under Pennsylvania law, a party may assign to others its legal rights to assert claims. In this case it is not disputed that [W&W] assigned its claims against [Appellant] to [PPC]. Therefore, PPC has standing to sue [Appellant] and further, [W&W] was not an indispensable party to this collection action. With a valid assignment in place, [W&W] was not legally required to be a party in this action and was not required to be named as a party.

> On the other hand, nothing prevented [Appellant] from joining [W&W] as an additional party to this action when she was

- 8 -

initially served with PPC's complaint pursuant to Pa.R.C.P. 2252, if she believed she may have had a cause of action against it for claims arising from its representation of her in which these bills were incurred. Whether those claims would have been legally valid are beyond the issues in this instant matter, but it is being pointed out simply to show there may have been legal remedies available to her.

Trial Court Opinion, 2/13/20, at 5-6 (citations modified).

Our review discloses that the record supports the trial court's rationale, and we agree with the court's legal conclusion; PPC was the real party in interest and W&W was not indispensable. **See, e.g., Wilcox v. Regester**, 207 A.2d 817, 820 (Pa. 1965) (explaining "an effective assignment is one by which the assignor's right to performance by the obligor is extinguished and the assignee acquires a similar right to such performance. Therefore, the assignee is usually the real party in interest and an action on the assignment must be prosecuted in his name." (internal citations omitted)). Accordingly, Appellant's issue 1(a) does not merit relief.

In issue 1(b), Appellant argues that the trial court erred in entering the motion *in limine* order, which, Appellant avers, gave "credence to every line item in every bill[, *i.e.*, legal bill from W&W,] as it could not be challenged in any meaningful way." Appellant's Brief at 21. According to Appellant, PPC "intentionally deceived" the trial court into granting the motion *in limine*. **Id.** at 5, 21.

Initially, we must determine whether Appellant preserved this issue for our review. **See**, **e.g.**, **Tucker v. R.M. Tours**, 939 A.2d 343, 346 (Pa. Super.

2007) (explaining that the fact that "[a]ppellants filed a timely Pa.R.A.P. 1925(b) statement does not automatically equate with issue preservation."). Rule 1925(b) requires an appellant to, *inter alia*, "concisely identify each ruling or error that the appellant intends to challenge **with sufficient detail** to identify all pertinent issues" for the trial court judge. Pa.R.A.P. 1925(b)(4)(ii) (emphasis added). "[F]ailure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in **automatic waiver** of the issues raised." ***U.S. Bank, N.A. v. Hua***, 193 A.3d 994, 997 (Pa. Super. 2018) (emphasis in original, citation omitted); ***see also Greater Erie Indus. Dev. Corp.***, 88 A.3d at 224 (stating that "it is no longer within this Court's discretion to ignore the internal deficiencies of Rule 1925(b) statements.").

Further, we have explained:

Pa.R.A.P. 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal. We [have held] that "a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no Concise Statement at all." ***Commonwealth v. Dowling***, 778 A.2d 683, 686-87 (Pa. Super. 2001). "Even if the trial court correctly guesses the issues [an appellant] raise[s] on appeal and writes an opinion pursuant to that supposition the issues are still waived." ***Kanter v. Epstein***, 866 A.2d 394, 400 (Pa. Super. 2004) (citation omitted[).] … We also have stated that:

When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.

- 10 -

> ***Lineberger v. Wyeth***, 894 A.2d 141, 148 (Pa. Super. 2006)
> [(citation omitted)].

***Satiro v. Maninno***, 2020 PA Super 185, *10 (Pa. Super. 2020) (citations modified).

Here, the trial court found that Appellant waived this issue, because "at no time were any specific details provided as to the manner of [PPC's] alleged deceit," and the court "had to guess what wrongdoing [] Appellant believes occurred" in connection with the motion *in limine*. Trial Court Opinion, 2/13/20, at 6, 7 (citing, *inter alia*, ***Kanter***, ***supra***). We agree this issue is waived. ***See Satiro***, ***supra***; ***see also Korman Commer. Props. v. Furniture.com, LLC***, 81 A.3d 97, 102 (Pa. Super. 2013) (finding waiver of appellant's issue on appeal where it was not properly preserved in the Rule 1925(b) concise statement, and the trial court did not address it in its Rule 1925(a) opinion).[6]

In her next issue, Appellant asks: "Did the court err by not vacating, nullifying or reversing the verdict which was against the weight of the evidence

_____

[6] We acknowledge that Appellant chose to represent herself in the proceedings below and has no legal training. However,

> a *pro se* litigant … is not entitled to any particular advantage because [s]he lacks legal training. … [A]ny layperson choosing to represent [themselves] in a legal proceeding must, to some reasonable extent, assume the risk that [their] lack of expertise and legal training will prove [their] undoing.

***Satiro***, ***supra*** at *12 (citation omitted).

and burden of proof, [where the verdict] was excessive, and relied on [PPC's] conflicting and contradictory testimony and evidence?" *See* Appellant's Brief at 5. However, Appellant does not advance **any** argument in support of this issue in the argument section of her brief, in violation of Pennsylvania Rule of Appellate Procedure 2119(a). Accordingly, we are once again constrained to find waiver. *See Coulter v. Ramsden*, 94 A.3d 1080, 1088-89 (Pa. Super. 2014) (stating that mere issue spotting without analysis or legal citation to support an assertion precludes appellate review).

In her third and final issue, Appellant argues that the trial court erred in failing to award her a new trial where the jury was "tainted and influenced by prejudicial remarks and conduct in the court, [and] by the court[.]" Appellant's Brief at 22. According to Appellant,

> [t]he jury was exposed to the trial court correcting [Appellant] throughout most of the two-day hearing. Seven times on day one[, Appellant] was sent to the sidebar. This in and of itself likely created and reinforced an impression that [Appellant] didn't know what she was talking about.

*Id.*; *see also id.* at 23 (asserting the "jury was not offered instruction as to how to interpret the multiple sidebars"). Appellant further argues that an exchange at trial improperly "calls into question [Appellant's] credibility and assigns the [trial c]ourt's endorsement of W&W"; Appellant refers to the following exchange:

> THE COURT: All right. Ma'am, [*i.e.*, Appellant,] you're not an expert in the law, you're not a prosecutor. You don't know what constitutes a fraud or not. Do not allege a criminal act against a law firm that has a stellar reputation in the city.

- 12 -

A SPECTATOR:  They didn't have a stellar reputation –

THE COURT:  Get out my courtroom.  Get out of my courtroom.
Get out and don't come back.  You don't yell from the gallery.  Get
out of my courtroom.  Don't you understand, or do you want to
be arrested?

A SPECTATOR: (inaudible)

THE COURT:  Shut up and get out of the courtroom.  Don't talk.

*Id.* (quoting N.T., 12/11/18, at 35).  The above notwithstanding, Appellant

concedes that "the trial court was quite patient and accommodating with

[Appellant.]"  Appellant's Brief at 22.

In its opinion, the trial court has observed that Appellant's concise

statement, "like her [*pro se*] post-trial motion, [is] nothing more than

boilerplate, vague, and lacking in any reference to the record as where [*sic*]

such claims of error allegedly occurred."  Trial Court Opinion, 2/13/20, at 3-

4.  Indeed, Appellant's weight of the evidence claim was so vague that the

trial court had to guess what particular evidence Appellant was challenging as

contrary to the jury's verdict.  Accordingly, this issue is waived.  ***See Satiro***,

***supra***; ***see also Cauthorn v. Owens Corning Fiberglass Corp.***, 840 A.2d

1028, 1033-34 (Pa. Super. 2004) (holding appellant waived weight of the

evidence challenge where claim in post-trial motion was boilerplate and failed

to specify the allegedly overlooked evidence by the jury, and stating, "[t]o

permit the trial court to grant a new trial on the basis of a very general

assignment of error, such as 'the verdict is … against the evidence,' would

result in losing the advantages of requiring specific assignments of error." (citation omitted)).

However, even if this claim was not waived, we would conclude that it lacks merit based upon our review of the record, and the trial court's corresponding rationale:

> [T]his court was extremely patient with this *pro se* party and granted her extensive leeway in her opening remarks to the jury, during her questioning of witnesses, her presentation of evidence, and finally her closing remarks. Unfortunately, [] Appellant sees this court's role in determining the admissibility of evidence to be presented to the finder of fact as being prejudicial to her. Any court's ruling on the admissible evidence will by its own nature be prejudicial to the party against whom it is presented[;] however, simply because it is prejudicial to their interests, it does not make it inadmissible.
>
> During the entire trial, Appellant attempted to argue legal principles while questioning witnesses or presenting her own testimony in her defense. This court prevented her from arguing the law to the jury, as it is the trial judge's duty to advise the jury of the applicable law in the jury charge. [] Appellant had also attempted on several occasions to present evidence that was specifically precluded by the motion *in limine*. Again, as the gatekeeper of the evidence, this could not be permitted and this court advised [] Appellant of the same.
>
> In reading the record as a whole, it is clear that this court showed no bias or prejudice towards [] Appellant in front of the jury. There was no ill will, bias or impartiality displayed or even the appearance of the same. Therefore, this claim is without merit.

Trial Court Opinion, 2/13/20, at 10 (some capitalization omitted). Accordingly, Appellant's final issue, even if not waived, fails.

Judgment affirmed.

- 14 -

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 11/30/2020*